E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4962
     Facsimile: (213) 894-0141
     Email:    clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-00491-FLA |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPLICATION FOR REVIEW OR RECONSIDERATION OF DETENTION ORDER (DKT. NO. 20) |
| v. | |
| JONATHAN LIPMAN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Clifford D. Mpare, hereby files its Opposition to Defendant Jonathan Lipman's Application for Review or Reconsideration of Detention Order (Dkt. No. 20).

//
//
//
//
//

This opposition is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 15, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

/s/
_____
CLIFFORD D. MPARE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant is charged with using an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, cellular telephone networks, email, interstate wires, and the Internet, to engage in a course of conduct that placed K.R. in reasonable fear of death and serious bodily injury, and that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to K.R. in violation of 18 U.S.C. §§ 2261A(2)(A), (B), 2261(b)(5).

Defendant's Application relies on (1) a potential surety willing to sign an appearance bond; and (2) arguments that there are conditions that would reasonably assure his appearance as required, and the safety of any other person and the community.  Contrary to these arguments, the Court detained defendant specifically due to the danger that he poses to the community, his risk of flight, and the serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.  Nothing has changed such that defendant's detention status should be reconsidered.

Further, even the strictest conditions cannot provide reasonable assurances that defendant will not, absent detention, continue the pattern of behavior underlying the charges he faces.  Given defendant's mental health history, his failure to cease criminal threats despite law enforcement contact, his lack of stable employment or ties to the community, and the allegations, defendant should remain detained for further court proceedings.  For these

reasons, defendant's request for review or reconsideration of the Court's detention order should be denied.

## II. BACKGROUND

### A. Defendant Engages in Harassing and Intimidating Conduct.

From February to September 2023, defendant engaged in a course of conduct intending to harass and intimidate K.R., and caused substantial emotional distress to K.R. Defendant's conduct included, among other things, the information described below.

On February 1, 2023, defendant sent an email to K.R. which contained a photograph of what appears to be a lever action shotgun. The only text accompanying the email was a winking emoticon: ";)".

On February 4, 2023, defendant sent a total of six emails, each of which he signed. These emails included: (1) an email stating, among other things, "you make the world a worse place. People will know your name." (2) an email stating, among other things, "Just because I say [K.R.] would make a better corpse than a person doesn't mean I'm going to make her a corpse." (3) an email titled "I'll make sure you get a copy of a script you are in," in which defendant wrote "it's got a photo of your head on a mantle."

In March 2023, defendant sent at least three emails, including three emails on March 28, 2023. These emails included: (1) an email titled "Your death," in which defendant wrote, "I pray every single day that you suffer a slow and painful death" and "I pray you have some issue with your lungs and your family watches you die slowly struggling to breath like many Jews in the holocaust." (2) an email titled "Seriously after the life [K.R.] has lead," in which defendant wrote, "She's deserves to spend a decade in geriatric struggle and misery as her family helplessly watches." (3) an email stating, among

4

other things, "as you struggle to breath or what ever consequence of your selfish little life befalls your body and betrays your existence, you will remember me" and "Your concerns about where you are headed are warranted. Some call it hell."

On July 23, defendant sent at least 11 emails to K.R. These emails included, among others: (1) an email titled "Let us pray that [K.R.] dies as soon as possible," in which defendant wrote, "Let us pray that [K.R.] dies suffocating in her own body" and "Please god kill her violently. but with cancer or a lower gi bleed. something long and dragged out that robs her of her ability to speak for years." (2) an email titled "let us pray that [K.R.'s] family watches her die slowly in hospice," in which defendant wrote "let her last moments wander to wondering if her family even wants to be there as she suffocates to death for her lifetime of sins." (3) an email titled "the world would be better off if [K.R.] died tomorrow," in which defendant wrote "massive car accident. gunshot wound. beheading. stroke" and "'justice' is her suffering in a body she can't escape. emphysema sounds like justice." (4) an email titled "plenty of people realize as humans they make the world a worse place," in which defendant wrote "once again let us pray that [K.R.] dies the most painful natural death possible. or decapitation." (5) an email titled "Let us fantasize about a terrible human being masquerading as a judge dying," in which defendant wrote an elaborate fantasy about K.R. being tortured and killed by the founding fathers. The email further states, "Let us imagine" several American historical figures "breaking into [K.R.'s] house in the middle of the night and removing her at gun point." Defendant also wrote, "Lets imagine [K.R.] being dragged to the gallows. [K.R.] is begging and

5

pleading like a nazi, saying she was just following orders. people throw feces on her. they throw urine on her. [K.R.] is stipped naked and forced to walk . . . By the time [K.R.] gets to the gallows she is silent. They hang her" and "[K.R.] doesnt die right away. She suffocates. It takes minutes. [K.R.'s] face turns purple. Her eyes get red. Her blood vessels pop. All the fluid in her face comes out of her eyes and mouth. she can no longer even be the only person who would cry about her death . . . Then [K.R.] is beheaded. Her head is placed on a stick. Her limbs and body parts sold as souvenirs. 200 years later her ribcage still hangs in a tavern."

**III. ARGUMENT**

    **A.**    **Defendant is a Danger to the Community and a Flight Risk.**

As the Court originally concluded, defendant must be detained pending trial because there are no conditions that would reasonably assure the safety of others and the community. 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk. It is not necessary to prove both. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Here, defendant is a flight risk, as he has indicated his unwillingness to follow warnings from law enforcement related to his continued conduct. Defendant is also a danger to the community due to the dangerous nature of his threats and the depiction of a firearm included in his email correspondence.

Defendant's proposed bond does not address the concerns that led the Court to detain defendant, nor does it warrant a different outcome. While that information is arguably new for purposes of 18 U.S.C. § 3142(f) and grounds for reopening the detention hearing, it

also includes a proposed surety, his father, with whom defendant indicated he has no intention of maintaining contact.  Defendant's lack of an ongoing relationship with his father, as well as with his other family members, his mother and one sibling, serves as additional support in favor of his continued detention.

In sum, defendant is a flight risk and a danger to the community and should be detained pending trial.

**IV.  CONCLUSION**

Defendant's bond package, in any amount, is insufficient as there is no condition or combination of conditions to assure that defendant is not a flight risk or danger to the community.  Defendant should be detained pending trial.

Dated: November 15, 2023        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

CLIFFORD D. MPARE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA