E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4962
    Facsimile: (213) 894-0141
    E-mail:   clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JONATHAN LIPMAN,<br><br>        Defendant. | No. 2:23-CR-00491-FLA<br><br>GOVERNMENT'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE OF DEFENDANT'S RELATIONSHIP AND CONTACT WITH OTHER PUBLIC OFFICIALS<br><br>Hearing Date:  March 8, 2024<br>Trial Date:   March 26, 2024 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Clifford D. Mpare, hereby moves in limine to introduce evidence of defendant's relationship and contact with public officials other than K.R., the victim identified in the indictment.

    This motion is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 9, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
CLIFFORD D. MPARE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................i

TABLE OF AUTHORITIES...............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...............................1

I.    INTRODUCTION.................................................1

II.   LEGAL STANDARD..............................................2

    A.    Federal Rule of Evidence 404(b) Does Not Apply to Direct
        Evidence of the Crimes or Evidence that is Inextricably
        Intertwined...............................................2

    B.    Even When Rule 404(b) Applies, it is Limited to
        Propensity Evidence.......................................5

    C.    When Rule 404(B) Applies, the Government Must Provide
        Reasonable Notice of the Purpose and Reasoning
        Supporting the Purpose of the Other Acts Evidence........8

III.  ARGUMENT....................................................8

    A.    Evidence of Defendant's Relationship and Contact with
        Other Public Officials....................................8

    i.    The Relationship and Contact Evidence is Directly
        Relevant to Proving Defendant's Motive, Knowledge, and
        Intent to Commit the Charged Offenses.....................9

    ii.   The Relationship and Contact Evidence is Inextricably
        Intertwined with the Charged Offense.....................12

    iii.  The Relationship and Contact Evidence is Separately
        Admissible Under Rule 404(b) to Prove Motive, Intent,
        Absence of Mistake, and Lack of Accident.................12

    iv.   The Admission of the Relationship and Contact Evidence
        Comports with Rule 403...................................14

IV.   CONCLUSION.................................................16

# TABLE OF AUTHORITIES

**Cases**

Old Chief v. United States, 519 U.S. 172, 188 (1997)..........3, 17

United States v. Beckman,
298 F.3d 788 (9th Cir. 2002)...................................5, 9

United States v. Bibo-Rodriguez, 922 F.2d 1398, 1401 (9th Cir. 1991)
...................................................................22

United States v. Bracy,
67 F.3d 1421 (9th Cir. 1995)....................................8

United States v. Bradshaw,
690 F.2d 704 (9th Cir. 1982)....................................7

United States v. Brown,
880 F.2d 1012 (9th Cir. 1989) .................................16

United States v. Blitz,
151 F.3d 1002 (9th Cir. 1998)...................................9

United States v. Castillo,
181 F.3d 1129 (9th Cir. 1999)...................................7

United States v. Curtin,
489 F.3d 935 (9th Cir. 2007)....................................7

United States v. DeGeorge,
380 F.3d 1203, 1220 (9th Cir. 2004).............................6

United States v. Dorsey,
677 F.3d 944 (9th Cir. 2012)................................4, 18

United States v. Hankey,
203 F.3d 1160 (9th Cir. 2000)...............................10, 11

United States v. Jackson,
84 F.3d 1154, 1159 (9th Cir. 1996) .............................2

United States v. Johnson,
132 F.3d 1279, 1283 (9th Cir. 1997)..................12, 13, 21, 22

United States v. Joetzki,
952 F.2d 1090 (9th Cir. 1991)...............................11, 23

United States v. Lillard,
354 F.3d 850, 854 (9th Cir. 2003)...............................6

United States v. Livoti,
196 F.3d 322, 326 (2d Cir. 1999)...............................23

ii

United States v. Ramirez-Jiminez,
967 F.2d 1321, 1327 (9th Cir. 1992)..................................5

United States v. Mills,
704 F.2d 1553 (11th Cir. 1983)....................................10

United States v. Parker,
549 F.2d 1217 (9th Cir. 1977).....................................10

United States v. Roux,
715 F.3d 1019 (7th Cir. 2013).....................................15

United States v. Rrapi,
175 F.3d 742 (9th Cir. 1999)......................................12

United States v. Serang,
156 F.3d 910, 915 (9th Cir. 1998)..................................5

United States v. Tierney,
760 F.2d 382 (1st Cir. 1985) .....................................17

United States v. Vo,
413 F.3d 1010 (9th Cir. 2005).....................................11

United States v. Wright,
625 F.3d 583 (9th Cir. 2010).......................................8

United States v. Vizcarra-Martinez,
66 F.3d 1006 (9th Cir. 1995)...................................5, 19

United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993).....4

**Rules**

Fed. R. Evid. 401..................................................3

Fed. R. Evid. 402..................................................3

Fed. R. Evid. 403.................................................22

Fed. R. Evid. 404(b)............................................2, 3

Fed. R. Evid. 404(b)(1)............................................2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3       Over the course of eight months in 2023, defendant Jonathan

4  Lipman ("defendant") sent hundreds of disturbing and threatening

5  emails to a New Jersey Superior Court Judge (K.R.).  In addition to

6  outlining fantasies of K.R.'s death in gruesome detail, defendant

7  likened K.R. to victims of the Holocaust, sent an email containing a

8  picture of a lever action shotgun, and "prayed" for K.R.'s death to

9  happen "as soon as possible".  Defendant continued to send emails

10 with violent, threatening, and disturbing content to K.R. between

11 February 1, 2023, and September 22, 2023.  Defendant also researched

12 K.R.'s address and called at least one of her neighbors in late

13 February 2023.  Many of these messages contained imagery of death

14 and impending harm.  Defendant's conduct did not cease until law

15 enforcement intervened.

16      This was not the first time–nor the last—that defendant used

17 his words to foist fear, concern, and apprehension onto another.  In

18 2022 to 2023, defendant engaged in similar conduct with other public

19 officials caught in the crosshairs of his ire.  Specifically,

20 defendant sent numerous messages and voicemails, posted threatening

21 comments on social media, and directed his rage, frustration, and

22 hatred towards public officials, court staff, acquaintances of court

23 personnel, and law enforcement officers.  The government seeks to

24 introduce this evidence at trial because it is directly relevant to

25 and/or inextricably intertwined with the charged offense.

26      The proffered evidence relates to defendant's views towards

27 public-facing officials, his disdain of public authority, the

28 drastic measures taken to target members in the public sphere, and

the ratcheting up of defendant's methods, which culminated in his volatile interactions with K.R.

Importantly, the government is not offering this evidence "to prove [defendant's] **character** in order to show that on a particular occasion [he] acted in accordance with that character". See Fed. R. Evid. 404(b)(1) (emphasis added). Accordingly, the evidence is not sought to be admitted under Rule 404(b) of the Federal Rules of Evidence. For this reason, no 404(b) notice is necessary.

However, the government <u>does</u> intend to introduce this evidence as being directly relevant to and inextricably intertwined with defendant's course of conduct against K.R. As explained below, under Ninth Circuit law, such evidence meets the relevance and inextricably intertwined standards. Should the Court disagree, the government requests that this motion be considered appropriate Rule 404(b) notice and the evidence deemed admissible under Rule 404(b) for the specified purposes identified below. See Fed. R. Evid. 404(b).

## II. LEGAL STANDARD

A. <u>Rule 404(b) Does Not Apply to Direct Evidence of the Crimes or Evidence that is Inextricably Intertwined</u>

As an initial matter, Rule 404(b) does not apply to "evidence [that] is directly relevant to the crime[s] charged," and instead, only applies to evidence of other crimes, wrongs, or acts. See United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir. 1996); Fed. R. Evid. 404(b). As such, any evidence that is "relevant" to the charged offenses "is admissible," unless otherwise prohibited by federal law. See Fed. R. Evid. 402. Under Rule 401, "[e]vidence is relevant if" "it has any tendency to make a fact more or less

probable than it would be without the evidence."  Fed. R. Evid. 401 (emphasis added).  Thus, to be directly "relevant" to the charged crimes, evidence need not be conclusive proof of a fact sought to be established, or even strong evidence of the same.  All that is required is a "tendency" to establish the fact at issue.  Id.

Accordingly, evidence that tells the "story of guiltiness" or provides context to the charged crimes is direct evidence and should be admitted.  Old Chief v. United States, 519 U.S. 172, 188 (1997) ("[T]he prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much to point to the discrete elements of a defendant's legal fault.")

As with direct evidence, Rule 404(b) does not apply to evidence that is inextricably intertwined with the charged offenses.  "[E]vidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined.'"  United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (citation omitted).  There are two general categories of "inextricably intertwined" evidence.

First, "other act evidence" is inextricably intertwined if it "constitute[s] a part of the transaction that serves as the basis for the criminal charge."  Id. at 951 (quotations, citation, and alterations omitted).  This ensures that uncharged acts do not become Rule 404(b) evidence "simply because the defendant is indicted for less than all of his actions."  United States v.

1  *Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (quotations and
2  citation omitted).

3      Second, evidence is inextricably intertwined if it allows "the
4  prosecutor to offer a coherent and comprehensible story regarding
5  the commission of the crime." *Dorsey*, 677 F.3d at 951 (quotations
6  and citation omitted).  In other words, such evidence is
7  permissible, regardless of Rule 404(b), because it "flesh[es] out
8  the circumstances surrounding the crime with which the defendant has
9  been charged, thereby allowing the jury to make sense of the
10  testimony in its proper context." *United States v. Ramirez-Jiminez*,
11  967 F.2d 1321, 1327 (9th Cir. 1992); *United States v. Beckman*, 298
12  F.3d 788, 794 (9th Cir. 2002) (evidence admissible where "necessary
13  to . . . permit the prosecutor to offer a coherent and
14  comprehensible story regarding the commission of the crime"); *United*
15  *States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998) (same).  This
16  second category of inextricably intertwined evidence allows the
17  government to "explain either the circumstances under which
18  particular evidence was obtained or the events surrounding the
19  commission of the crime," which is often necessary because "[the
20  jury] cannot be expected to make its decision in a void -- without
21  knowledge of the time, place, and circumstances of the acts which
22  form the basis of the charge." *United States v. Vizcarra-Martinez*,
23  66 F.3d 1006, 1013 (9th Cir. 1995) (quotations and citation
24  omitted).

25      The Ninth Circuit has repeatedly affirmed the admissibility of
26  evidence fitting into one or both of these categories, whether it
27  relates to conduct that occurred during the period of the charged
28  crimes or before it.  *See, e.g.,* *Dorsey*, 677 F.3d at 952 (citation

omitted) (holding that evidence that a defendant, charged with discharging a firearm in relation to a crime of violence, had been seen with a "Glock-like gun" three to four months before the shooting was "inextricably intertwined" with the charges and "formed part of the prosecution's 'coherent and comprehensible story regarding the commission of the crime'"); United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (in case about mail and wire fraud in connection with the scuttling of yachts for insurance, holding admissible evidence of defendant's prior losses of three yachts as inextricably intertwined and necessary to allow the government "to offer a coherent and comprehensible story regarding the commission of the crime"); United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003) (admitting evidence of defendant's uncharged theft of a portion of cocaine he was transporting for his co-conspirators as "inextricably intertwined with the conspiracy charge" and relevant to proving his identity and knowledge of the larger shipment of cocaine).

B. Even When Rule 404(b) Applies, it is Limited to Propensity Evidence

As the Ninth Circuit has repeatedly made clear, "Rule 404(b) is a rule of inclusion -- not exclusion," United States v. Curtin, 489 F.3d 935, 944 (9th Cir. 2007) (en banc), so other-act evidence is admissible whenever relevant to an issue other than a defendant's criminal propensity.  Stated another way, other-act evidence is always admissible under Rule 404(b) "except where it tends to prove only criminal disposition." United States v. Bradshaw, 690 F.2d 704, 708 (9th Cir. 1982) (quotations and citation omitted); accord United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999).  The

"classic" example of "propensity evidence" involves a situation where the identity of the perpetrator is unknown, and evidence that the defendant has committed similar crimes in the past is introduced to show that he is the kind of person who commits these kinds of crimes, and therefore likely committed the charged offense.  See, e.g., United States v. Wright, 625 F.3d 583, 608 (9th Cir. 2010).

Another form of generalized propensity evidence exists when evidence is used to show that a defendant has the kind of bad character that makes it likely that he would have committed the type of crime charged against him.  See, e.g., United States v. Bracy, 67 F.3d 1421, 1432-33 (9th Cir. 1995) (prior residential shootings used "to demonstrate [the defendant's] actions were consistent with his recklessly violent nature").

But when other-act evidence is offered for **any** relevant purpose other than propensity, including those specifically enumerated by the rule (motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident), that evidence is never barred by Rule 404(b).  See Fed. R. Evid. 404(b)(2).  In determining whether to admit Rule 404(b) evidence, the Ninth Circuit uses a four-factor test that considers whether the evidence: "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged."  Beckman, 298 F.3d at 794.

Evidence that satisfies this inquiry should be admitted unless, under Rule 403, "its prejudicial impact substantially outweighs its probative value."  United States v. Blitz, 151 F.3d 1002, 1008 (9th Cir. 1998) (emphasis added).  With respect to Rule 403 balancing, it

is important to note that "[Rule] 403 favors admissibility," and that the type of "prejudice" the rule applies to is **unfair** prejudice.  United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000).  Thus, as the Ninth Circuit has explained, Rule 403 must only be used to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it is only **unfair** prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, **the application of Rule 403 must be cautious and sparing**. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

Id. (emphasis added) (adopting and quoting United States v. Mills, 704 F.2d 1553, 1559 (11th Cir. 1983)); see United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (Rule 404(b) evidence "is not rendered inadmissible because it is of a highly prejudicial nature . . . .  The best evidence often is.") (alterations in original).  And as "the Advisory Committee Notes to [Rule] 403 explain, unfair prejudice means 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Hankey, 203 F.3d at 1172; United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991) (evidence is unfairly prejudicial only "if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged").

Accordingly, the Ninth Circuit has routinely upheld the admission of other-act evidence, even where the evidence was highly prejudicial to the defendant.  See, e.g., United States v. Vo, 413 F.3d 1010, 1019 (9th Cir. 2005) (upholding admission of evidence that the defendant was previously convicted for selling cocaine at

defendant's trial for trafficking methamphetamine); <u>United States v. Rrapi</u>, 175 F.3d 742, 750 (9th Cir. 1999) (upholding admission of evidence regarding other uncharged burglaries in an attempted robbery trial); <u>United States v. Johnson</u>, 132 F.3d 1279, 1283-84 (9th Cir. 1997) (upholding admission of evidence indicating that defendant had sexually abused two minors 13 years earlier in defendant's trial for transporting a minor with intent to engage in criminal sexual activity).

C. <u>When Rule 404(B) Applies, the Government Must Provide Reasonable Notice of the Purpose and Reasoning Supporting the Purpose of the Other Acts Evidence</u>

Under Rule 404(b), the government's notice requirements are three-fold. First, the government must "provide <u>reasonable notice</u> of any" other-act evidence it "intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3) (emphasis added). Second, the government must "articulate in the notice the <u>permitted purpose</u> for which the prosecutor intends to offer the evidence and the <u>reasoning</u> that supports the purpose. <u>Id.</u> (emphasis added). Third, the government must provide the notice "in writing before trial -- or in any form during trial if the court, for good cause, excuses lack of pretrial notice." <u>Id.</u>

**III. ARGUMENT**

A. <u>Evidence of Defendant's Relationship and Contact with Other Public Officials</u>

The government intends to introduce testimony and digital evidence regarding defendant's relationship and contact with several public officials and court personnel. The list of officials defendant contacted includes: (1) B.M., the New Jersey Municipal Court Judge who signed a temporary extreme risk protective order

barring defendant from possessing or purchasing firearms on July 8, 2022; (2) E.C., the New Jersey probation officer involved in defendant's court proceedings in 2023; (3) J.P., the New Jersey Municipal Court Judge who presided over a harassment case defendant was a party to in the Fall of 2022; and (4) M.R., the United State Magistrate Judge who authorized search warrants of defendant's Los Angeles residence in September 2023.

This evidence will show the progression of defendant's increasingly unpredictable behavior from 2022 to 2023, the volume of communications defendant sent to inundate public officials with harmful and concerning messages, the deterioration of civility or reason in defendant's messages from 2022 to 2023, and the trajectory of that behavior, which led to his course of intimidating and harassing conduct against K.R.  The evidence will include e-mails and voicemails from defendant to several of these individuals, other evidence found on defendant's computers and cell phones, and testimony from witnesses, all of which will show that defendant was fixated on settling a score with his perceived enemies and increasingly demonstrated instability and deviant behavior.

      i. <u>The Relationship and Contact Evidence is Directly Relevant to Proving Defendant's Motive, Knowledge, and Intent to Commit the Charged Offense</u>

This evidence of defendant's ongoing contact and the harassing nature of his relationship with these public officials is clearly relevant and highly probative to defendant's motive, knowledge, and intent to commit the charged offenses.  First, the evidence is directly related to the crime charged, because it highlights defendant's motive and intent to engage in a pattern of harassment and intimidation against K.R.

1    A "defendant's motive -- an explanation of <u>why</u> . . .  [he]

2  . . . engage[d] in the charged conduct -- becomes highly relevant

3  when [he] argues that he did not commit the crime." <u>United States</u>

4  <u>v. Roux</u>, 715 F.3d 1019, 1024 (7th Cir. 2013) (quotations and

5  citations omitted) (emphasis in original).  And "proof of motive" is

6  critical as it serves "to establish the identity of the perpetrator

7  -- the ultimate issue in the case." <u>Id.</u> (citation omitted).

8    Thus, evidence of defendant's behavior with B.M., E.C., J.P,

9  and M.R. all lend support to arguments that defendant intentionally

10 inundated public officials with his messages of frustration,

11 antipathy, and rage.  This evidence is directly relevant to showing

12 "why" defendant committed the charged offense; it reveals

13 defendant's mental state, and his feelings of devastation and

14 helplessness that festered over time and that culminated in a

15 fixation upon K.R.  It establishes that defendant had the requisite

16 motive and intent to use all the tools at his disposal to harass,

17 intimidate, and put fear into the mind of K.R.

18    In addition, because defendant's conduct occurred in the

19 ethereal realm of electronic communication, this evidence is

20 relevant to establishing defendant, who sent numerous messages to

21 other public officials, was the same person who sent hundreds of

22 messages to K.R.  <u>See</u> <u>United States v. Brown</u>, 880 F.2d 1012, 1015

23 (9th Cir. 1989) ("motive is not an ultimate issue; therefore, proof

24 of motive must always be directed at some other fact that is an

25 ultimate issue in the case[; e]vidence of motive may be offered to

26 prove that the act was committed, or to prove the identity of the

27 actor, or to prove the requisite mental state.") (citation omitted)

28 (alterations in original).

To the extent defendant argues this evidence is cumulative, the Court should reject the argument.  The volume and nature of this evidence is precisely the point when proving defendant's state of mind, the steady evolution and progression of his conduct, and his increasing fixation on K.R., which lends context to his motive to harass and intimidate her.  See United States v. Tierney 760 F.2d 382, 387 (1st Cir. 1985) ("Where, as here, the disputed evidence is offered to show motive, the relevancy hurdle is at its nadir. Motive is, by definition, subjective in nature; it is a state of mind that is shown by proving the emotion that brings it into being.")

Allowing the government to only introduce snippets of the proffered evidence, instead of allowing the government to present the complete picture, would "substitute for such a picture a naked admission [that] might have the effect [of] rob[bing] the evidence of much of its fair and legitimate weight." Old Chief, 519 U.S. at 187 (quotations and citation omitted).

> "Unlike an abstract premise, whose force depends on going precisely to a particular step in a course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once . . . . Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict."

Id.  This is particularly true given that defendant is likely to pursue the narrative that there was nothing out of the ordinary in his communications with K.R. (among others), and that the contacts were harmless expressions of dissatisfaction or dissension with the various legal proceedings he faced.

ii.  <u>The Relationship and Contact Evidence is Inextricably
Intertwined with the Charged Offense</u>

In addition to being directly relevant, the relationship and
contact evidence is also "inextricably intertwined" with the charged
offense, such that Rule 404(b) does not apply for this additional
and separate reason.  Evidence of defendant's fixation on targeting
public officials, including leading up to his prolonged period of
interaction with K.R., is critical to the government's ability to
tell "a coherent and comprehensible story regarding the commission
of the crime."  <u>See</u> <u>Dorsey</u>, 677 F.3d at 951.

Without this evidence, the jury would not have the necessary
context to understand what caused defendant to make the decisions he
made and the natural flow of his conduct, which culminated in him
making disturbed and concerning statements to K.R. over the course
of several months.  In other words, this evidence allows the
government to "explain . . . the events surrounding the commission
of the crime[s]," which is necessary because the jury "cannot be
expected to make its decision in a void -- without knowledge of the
time, place, and circumstances of the acts which form the basis of
the charge[s]."  <u>See</u> <u>Vizcarra-Martinez</u>, 66 F.3d at 1013.
Accordingly, this evidence, in addition to being direct evidence, is
also inextricably intertwined because it tells the jury why
defendant was motivated to target and latch onto K.R.

iii.  <u>The Relationship and Contact Evidence is Separately
Admissible Under Rule 404(b) to Prove Motive, Intent,
Preparation, Plan, and Identity</u>

Should the Court disagree that the above-described conduct is
inextricably intertwined with the charged conduct, the government
requests that the Court admit the evidence for other permissible

purposes under Rule 404(b), including as proof of motive, intent, preparation, plan, and identity.  Fed. R. Evid. 404(b).

Specifically, documents, testimony, and records concerning defendant's contact with other public officials are relevant to show motive, intent, preparation, plan, and identity because they are evidence of defendant's repeated harassing conduct and intimidation.

With respect to motive, the proffered evidence provides context surrounding defendant's actions, the circumstances that led him to lash out against K.R. with vitriolic imagery and loaded language, and the evolution of the messages by defendant (increasing in tones of helplessness, anger, and frustration against public figures).

Regarding intent, the evidence provides material support for the position that defendant intended to ceaselessly berate, disturb, and discomfort K.R.  It also cuts against an assertion that defendant did not intend to harass or intimidate K.R. or that his conduct was otherwise protected.  These other instances of sending deranged or menacing messages to public officials rebuts against any defense that defendant did not mean to engage in such conduct with K.R. in response to K.R.'s official duties.

Similarly, the proffered evidence will support the preparation and planning defendant undertook regarding his course of conduct. It will demonstrate the various methods defendant adopted to anonymize his identity, the several different means of electronic or digital communication defendant undertook to reach out to his targets, and the meticulous steps defendant took to locate and identify points of contact.

Finally, the evidence will provide additional context to the jury related to defendant's identity.  The similar stylistic,

semantic, and substantive patterns used by defendant and the relationship between some of defendant's user names and the content he created all serve as connective tissue binding together the presentation of evidence at trial.  Each of these purposes is separately admissible under Rule 404(b).

In addition to being material, the relationship evidence is not too remote in time.  The Ninth Circuit has refused to identify "a particular number of years after which past conduct becomes too remote."  United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997). Instead, the admissibility of prior acts depends on the "theory of admissibility and similarity of the acts" with the charged conduct; "some remote acts may be extremely probative and relevant." Id.  The Ninth Circuit has consistently held that even acts ten years or older are not too remote to be admitted.  All of this evidence dates within 18 months of the conduct defendant engaged in against K.R.  Here, where the acts occurred during the same timeframe as the conduct charged, the evidence should not be considered too remote.

Accordingly, even under Rule 404(b), the relationship evidence is admissible because it is material, not too remote in time, sufficiently factually supported, and, for purposes of establishing intent alone, sufficiently similar.

   iv. <u>The Admission of the Relationship and Contact Evidence Comports with Rule 403</u>

Rule 403 permits a court to exclude relevant evidence if its "probative value" is "substantially outweighed" by a danger of, among other things, "unfair prejudice" or "needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  In addition to satisfying

1    the four-part test, evidence of other crimes or bad acts must

2    survive Rule 403's balancing analysis of weighing probative value to

3    the dangers of unfair prejudice.  United States v. Bibo-Rodriguez,

4    922 F.2d 1398, 1401 (9th Cir. 1991).  Because "relevant evidence is

5    inherently prejudicial," it is "only unfair prejudice, substantially

6    outweighing probative value" that justifies "exclusion of relevant

7    matter under Rule 403."  United States v. Hankey, 203 F.3d 1160,

8    1172 (9th Cir. 2000).

9        None of the evidence proffered is inflammatory or otherwise

10   problematic, such that it would result in any unfair prejudice to

11   defendant.  See Joetzki, 952 F.2d at 1094 (evidence is unfairly

12   prejudicial only "if it has an undue tendency to suggest a decision

13   on an improper basis such as emotion or character rather than

14   evidence presented on the crime charged").

15       Here, admission of defendant's prior acts would not run afoul

16   of Rule 403.  The proffered evidence is highly probative, and its

17   probative value is not outweighed by the risk of unfair prejudice.

18   As already discussed, the attendant facts of defendant's other acts

19   tend to prove defendant's motive, intent, preparation, plan, and

20   identity in committing the charged crimes.

21       The risk of unfair prejudice is low, as the evidence will not

22   inflame the jury or introduce any unfair prejudice.  Indeed, the

23   proffered evidence is less inflammatory than defendant's own words,

24   as alleged.  United States v. Livoti, 196 F.3d 322, 326 (2d Cir.

25   1999) (generally "[e]vidence will not be excluded as unduly

26   prejudicial when it is not more inflammatory than the charged

27   crime").

28

In addition, the presentation of such evidence will be limited in time and scope as it will be presented through a small number of witnesses.  Thus, the presentation will not waste time, distract from, or confuse the issues for the jury regarding the instant offense.  To the extent there is any concern that the jury may use the evidence for an improper purpose, a limiting instruction can mitigate this concern.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine.