E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4962
     Facsimile: (213) 894-0141
     E-mail:    clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00491-FLA |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATING TO ANY ALLEGED ABUSE SUFFERED BY DEFENDANT DURING HIS CHILDHOOD AND JURY NULLIFICATION ARGUMENTS |
| v. | |
| JONATHAN LIPMAN, | |
| Defendant. | Hearing Date: March 8, 2024<br>Trial Date:   March 26, 2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Clifford D. Mpare, hereby files its Motion in Limine No. 2, seeking to preclude evidence relating to any alleged abuse suffered by defendant during his childhood and arguments seeking jury nullification.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

| | | |
|---|---|---|
| 1 | Dated: February 9, 2024 | Respectfully submitted, |
| 2 | | E. MARTIN ESTRADA |
| 3 | | United States Attorney |
| 4 | | MACK E. JENKINS |
| | | Assistant United States Attorney |
| 5 | | Chief, Criminal Division |
| 6 | | _____/s/_____ |
| 7 | | CLIFFORD D. MPARE |
| | | Assistant United States Attorney |
| 8 | | Attorneys for Plaintiff |
| | | UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Jonathan Lipman engaged in a monthslong course of harassment and intimidation against K.R.  Soon, defendant will stand trial for one count of stalking related to conduct which occurred from February to September 2023.  At trial, the evidence will show that defendant intentionally harassed and intimidated K.R. by use of an electronic communications system and other facilities of interstate and foreign commerce, namely, cellular telephone networks, email, interstate wires, and the Internet, and engaged in a course of conduct that placed K.R. in reasonable fear of death, serious bodily injury, and caused or would reasonably be expected to cause K.R. substantial emotional distress.

By this motion, the government moves for an order precluding defendant from introducing evidence or making arguments or references: (1) related to any alleged abuse or bullying defendant suffered during his youth or childhood; and (2) encouraging jury nullification, including those relating to defendant's personal history and characteristics.

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, each of these topics is irrelevant to the issues the government must prove at trial, and accordingly, likely to confuse the issues, mislead the jury, and waste time.

**II.  ARGUMENT**

Because "trial courts have the duty to forestall or prevent such conduct," United States v. Thomas, 116 F.3d 606, 616 (2d Cir. 1997), the Court should preclude defendant from introducing evidence or making arguments meant only to invoke the jury's sympathies or arouse

its prejudices.  Evidence is only admissible at trial if it tends to make a fact of consequence more or less probable than it would be without that evidence, and a district court has "wide discretion" to exclude irrelevant evidence.  See United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004); Fed. R. Evid. 401, 402.  Accordingly, courts should exclude evidence and arguments which seek only to nullify the jury.  See Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("Neither a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged.")

    Here, the government has reason to believe defendant may elicit testimony related to his childhood, an alleged history of abuse and bullying defendant faced, his religious background and stigma he faced as a result, and his relationship with his family.  These facts, however, do not relate to the issues the jury will need to decide, namely, whether defendant intentionally harassed and intimidated K.R. using facilities of interstate commerce, and whether he engaged in a course of conduct that placed K.R. in reasonable fear of death and/or serious bodily injury, and caused or would reasonably be expected to cause K.R. substantial emotional distress.  Evidence related to defendant's childhood, his familial relationships, his religious affiliation, and any history of abuse have no bearing on this case and the admission of such evidence would only serve to further an improper purpose, such as to provoke sympathy among the jury.

    Similarly, any other facts related to defendant's personal history or characteristics must be excluded.  These topics would serve the singular purpose of stirring jurors' biases as they do not

bear on defendant's guilt or innocence.  See Fed. R. Evid. 401, 402, 403.

"[N]ullification is, by definition, a violation of the juror's oath to apply the law as instructed by the court." United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018) (quoting Thomas, 116 F.3d at 614 (noting that defense counsel improperly encouraged jury nullification where the evidence of defendant's guilt was overwhelming).  Accordingly, these topics are irrelevant and should not enter the trial.

**III. CONCLUSION**

Based upon the foregoing, the government respectfully requests that the Court preclude defendant from offering evidence or arguments aimed at jury nullification, including any evidence of defendant's relationship with his family, his childhood, or religious background.

Dated: February 9, 2024                Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       CLIFFORD D. MPARE
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA