TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

----------------------------------------------------------------------------

2:23-cr-00491-FLA
Motion to enter the documents including this one into the record

Defendant, Pro-se, has no record to confer with to track and document Federal Government and Bureau of Prisons conduct and questionable handlings of constitutional rights. The court is the record available.

On February 10, 2024 at around 12:00PM Captain Sieja came to our unit to inform us the 20 hour a day lockdown was not under his order but the Psychology team and lifted the lockdown. He claimed he was away from the unit at another facility. I can at least confirm he was not at the detention center on friday, February 9th.

Following his sharing of this information with the whole unit, pro-se defendant was taken outside individually for captain to, for lack of a better term, berate him. In this conversation the captain told pro-se defendant if they announce a hunger strike again in protest of violations of their sixth or eighth amendment rights, they will be put in the solitary housing unit. Pro-se defendant attempted to give captain the writ of Ha'beas Cor'pus ad Subjicien'dum served to psychology the day before but the captain refused to take it and said he didnt give a damn about this writ of Ha'beas Cor'pus. Captain told defendant if they are not eating to keep that information to themselves or they could go to the solitary housing unit where their already severely limited sixth amendment rights will be diminished to nothing and their eighth amendment rights will be violated indefinitely.

Maybe this is all a coincidence, as hard to believe as it may be. But defendants unit was on lockdown from tuesday afternoon to Saturday afternoon. The only thing that changed is a writ of ha'beas cor'pus was given to psychology Friday and defendant was threatened with solitary housing by a lieutenant that defendant pro-se informed was in possession of a writ of ha'beas cor'pus for the captain and the detention center [the captain from what defendant can tell makes the decisions and the warden is only temporary]. It seems defendants hunger strike was effective, at least in part, and if it didnt lead to the lifting of an arbitrary lockdown, it at least lead to the captain being informed of this arbitrary lockdown.

Since thursday, the mail on pro-se defendants unit has not been picked up for multiple mail pickups, including three days worth of documents attempting to share the conditions of this detention and this writ of ha'beas cor'pus with the court and attorneys office. This also includes a request for proceedings in pauperis formis so that conference between pro-se defendant, the court, and attorney's office can be held regarding denials and failures to uphold their first amendment right to hunger strike over conditions of detention, sixth amendment pro-se rights and potential eighth amendment violating lockdowns and solitary housings that affect not just defendants rights pro-se, but also defendants and the entire detention centers well being can be discussed.

Psychology department at point of writing this, is the only department that has accepted this writ of ha'beas cor'pus in its full physical form. This is not to say the captain or the lieutenant that have stated they will put defendant in solitary housing for exercising first amendment rights, complaining about sixth and eighth amendment rights, and attempting to serve this detention center with a writ of Ha'beas Cor'pus didnt read writ. Defense just hasn't been able to confirm document has been given to them or read by them.

Defense is under the impression pro-se defendant will be put in the solitary housing for further attempting to serve the detention center with writ of ha'beas cor'pus. This detention center has and continues to resort to terrible things to make detainees stop caring for or attempting to exercise their human or constitutional rights. Though this detention centers conduct continues to harm defense and defendant, defendant will not let the detention centers conduct deter them from attempting to protect constitutional rights. Pro-se defendant will continue to seek to get this government to uphold constitutional rights even if it leads to defendant being placed in a solitary housing or further preventing defense accesses. Constitutional rights supercede defendants own personal freedom regardless of the claims that the federal government attorney's office or federal government bureau of prisons or district court attempt levy in regards to defendants conduct.

Defendant is dealing with a federal government that arrests them for exercising their first amendment rights, that detains them to limit their sixth amendment rights, that violates their sixth amendment right to a speedy trial, that cant even pick up their legail mail in a timely manner, and that attempts to coerce them out of exercising constitutional rights with future violations of their eighth amendment rights with a solitary housing that isnt meant for people exercising their first amendment right to protest government conditions with denials of consumption. Defendant cannot be sure mail will be delivered or not. Defense has asked marc lipman to deliver by mail another copy of recent documents for safe keeping.

Defense does not mean to excessively communicate with the court. Defense knows it shouldnt be communicating with an attorneys office that seems to use discovery to coerce outcomes outside of the fairness of law and our judicial system. But defendant would rather lose telling the the truth than allow it to be hidden. Defendants only intent is the restoration of our consitution.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO: Lipman, Marc
SUBJECT: Saturday February 10
DATE: 02/11/2024 08:05:22 PM

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

----------------------------------------------------------------------------------

FROM: 79509510
TO: Unit 2 Manager
SUBJECT: ***Request to Staff*** LIPMAN, JONATHAN, Reg# 79509510, LOS-I-N
DATE: 02/09/2024 10:05:35 AM

To: FBOB
Inmate Work Assignment: NONE

I have a writ of Ha'beas Cor'pus ad Subjicien'dum for the captain, the head of psychology, the warden, and the unit manager. I have attempted to give it to psychology but they have as of yet refused to take it.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO: Warden
SUBJECT: ***Request to Staff*** LIPMAN, JONATHAN, Reg# 79509510, LOS-I-N
DATE: 02/08/2024 06:59:55 PM

To: FBOB
Inmate Work Assignment: none

I dont take anything personally but given the captain and unit manager lied about my rights to a hunger strike, their right to force feed me, and that the move from units for a remodel wouldnt lead to a 20 hour a day lockdown, I dont trust anything this detention center staff says or does.
I have a right to the same defense as any other detainee; whether they have millions of dollars for an attorney, end up with a competent public defender, or are forced to defend themselves from a detention center the U.S. government has clearly designed to make it as difficult as possible for a detainee to win a case because they got a public defender that would rather take a half day than see her other clients.
I dont hold any grudges toward any particular prison staff member. I have family who were or are in corrections so I know how often the government forces corrections and its officers to clean up the governments messes and failures of due process of law. But I also dont believe anything the guards say they will do. Ive been here long enough to the detriment of my defense and in violation of my sixth amendment rights to know better than to trust any claims of detention staff to uphold my rights.
I do what I think is right for myself and the many voiceless others inside these walls. I have a writ of Ha'beas Cor'pus ad Subjicien'dum regarding this detention centers violations of my 1st, 6th, and 8th amendment rights. My sixth amendment rights and needs are as follows:

1. 40 hours of access per week to law library and a private working room with table for discovery and other legal papers for review
-The average work week like any other attorney
2. Laptop with microsoft word and access to printing
-I have a right to work in my cell; a typewriter would be too noisy and unfair to cell mate
-the shared computer email program as a document processor bankrupted me; this detention centers rights violating conditions now limit me to 20 minutes on the computer every two hours
3. Access to copy machine everyday
-I don't care which one as long as it is confidential
4. Phonebook/Internet to find a private investigator
-I will be asking the court to grant me legal fund to pay for one
5. Phonebook/Internet search to hire paralegal
- I will be asking the court to grant me legal fund the government pays to itself the public defender to pay for one
6. Private Phone calls scheduled the day of need
-detention grants it to no one so there isnt a waiting line
-I need it to speak to this theoretical private investigator and paralegal the day of or morning after I have a thought of trial strategy
7. Access to stamps as needed and not on commissary schedule
-commissary is often out of stock even though they are the government and only deliver 20 a week when in stock
-I will be seeking legal grant to pay for it
8. Access to envelopes as needed and not on commissary schedule since they only provide 3 a week when in stock
-I will be seeking legal grant to pay for it
9. Same day certified mail
19. Weekly reports to Judge Aennle-Rocha and U.S. Attorney's Office regarding this detention center upholding constitutional rights
10. No more lockdowns
-"Lengthy exposure to these conditions has a destructive effect on human character" (U.S. Supreme Court: Barker v Wingo, 1973)
-Violating my sixth amendment right and ability to defend myself in trial
11. The prison liason with the marshall service to arrange my right to have pen, paper and legal documents in holding cell at MDC and in the marshall holding cell before every hearing I am at court.
12. Paper and pen without order from commissary
-I will be asking for legal grant to pay for it
13. Access to email and youtube during law library hours to review discovery
-can be monitored
-will ask the same from the court.
14. Eye mask

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

-So that my sleep needed to exercise my sixth amendment rights to my fullest abilities is no longer interrupted by flashlights
-My legal fund can pay for it
-2 hours of sleep a night limits my god given and natural abilities to exercise these rights
15. Ear plugs
-So that my sleep needed to exercise my sixth amendment rights to my fullest abilities is no longer interrupted by snoring or loud guards
-My legal fund can pay for it
-2 hours of sleep a night limits my god given and natural abilities to exercise these rights
16. A medical bed 2 weeks before trial and during trial so that I dont wake up every 2 hours to prevent myself from falling out of the tiny bed in the cells
17. Either a private cell or a cellmate that doesnt snore or move much between 9PM and 5AM five days before my trial and during my trial
18. Access to a diet low on sugar and carbs: oatmeal, almonds, peanut butter, wheat bed, rice, beans, tortilla, jalapenos; 3 weeks before trial

*there may be more requests when they come to mind or need*

legal mail



Jonathan Lipman 79509-510
Metropolitan Detention Center Los Angeles
P.O. Box 531500
Los Angeles, Ca 90053

Fernando L Aenlle-Rocha
1st Street Courthouse
350 W 1st Street
Courtroom 6B 6th Floor
Los Angeles, Ca 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 14 2024
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

LOS ANGELES CA 900
12 FEB 2024 PM 8 L

90012-456420

