TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

2:23-cr-00491-FLA
Motion for immediate proceedings in Pauperis Formis on My first amendment right to hunger strike

FILED
CLERK, U.S. DISTRICT COURT
FEB 1 4 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

    On Friday February 9th, 2024 at 11:30 A.M. I gave the Psychology Department and Corrections Office Psychologist Shelton a writ of Ha'beas Cor'pus ad Subjicien'dum. The captain and Unit manager were not in the detention center on February 9, 2024; at least that was what I was told. I am still not sure if there is an actual warden at this detention center so it was not provided to him. The writ will be put in the mail for them on Sunday night. I also informed psychology I had resumed my hunger strike.
    At 3:30 P.M. I was taken to Lieutenant Velasquez's office. The lieutenant told me he was planning on putting me in the Solitary Housing Unit for this hunger strike. I had only been on this hunger strike for about 12 hours. [I ate my final meal at about 8 P.M. February 8th, 2024. I had only to this point not eaten breakfast or lunch.] This solitary housing unit I am continually threatened with by detention staff for exercising my first amendment right only lets people out an hour every other day to shower and make a phone call. You don't have access to mail or law library or other legal needs. The solitary housing unit is supposed to be used to house prison rapists and people who murder fellow inmates and people who get into fights.
    I was able to talk the lieutenant out of sending me to solitary housing for the time being by talking about my rights. Quite honestly very few people around here understand human or constitutional rights. I dont think the lietenant knew what to do in this situation. The people who handled my last hunger strike and who give the orders were not in the detention center this day.
    I have a right to take part in a hunger strike. See cases like Sanchez Rivera v U.S. 2023, where a California detainee went on a 20 day hunger strike losing 20 pounds and was put in solitary housing after the detention center falsely accused them of inciting a riot. The attempted justifications to put me in solitary housing before I talked the lieutenant out of it was that they were afraid I'd cause problems on my unit. I'm not sure what problems I'd cause to other detainees. I've never been in a fight. Though drugs are pretty easyto get in this detention center, I have never taken them when offered or attempted to get them when available. I go to my cell when the detention staff tells me to even if its for a length of time or under circumstances that violate my sixth or eighth amendment rights. Not that there is anyone in my unit who is willing to go on a hunger strike with me, but if there were it would still be my constitutional right and their constitutional right to go on a hunger strike together in protest of detentions conditions and deny ourselves consumption; to refuse to consume to prevent the detention center or government from pretending our rights are being taken care of with this exercise in consuming. I have a right as a Jewish person to hunger strike in protest of government conditions.
    I now officially seek proceedings in Pauperis Formis and court order regarding my hunger strike. I request attendance to these proceedings of the "warden", Captain Sieja, Unit Manager Musgray, and "head" of psychology Shelton. I have a constitutional right to exercise my first amendment right to hunger strike in protest of this detention centers and U.S. governments violations of first and sixth amenemdnt rights and potential violations of fourth and eighth amendment rights. In Pauperis Formis proceedings "the officers of the court shall issue and serve all process, and perform all duties in such cases".
    I'm presuming by the time the court receives this motion I will be in solitary housing. Not even my placement in a solitary cell with a rapist or gang member as threatened by the detention center during my first hunger strike will intimidate me out of my constiutional rights. My intent in all interactions with the government has and always will be to protect my constitutional rights and I will not allow unconstitutional "probable cause" arrests or unconstitutional indictments or unconstitutional detention conditions to deter me. As stated, I will adhere to court orders delivered so that superior courts can make their own determinations constitutional rights.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO: Lipman, Marc
SUBJECT: immediate hearing. mail if you dont talk to me
DATE: 02/09/2024 07:58:24 PM

Case 2:23-cr-00491-FLA   Document 64   Filed 02/14/24   Page 3 of 9   Page ID #:476

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N
----------------------------------------------------------------------------------------

Writ of Ha'beas Cor'pus ad Subjicien'dum

This is a writ of Ha'beas Cor'pus ad Subjicien'dum, which is defined by the Metropolitan detention center los angeles law library as "the celebrated perogative writ of American and English law, which is the usual remedy for a person deprived of [their] liberty. Its purpose is to test the legality of the restraints on a persons liberty, i.e., whether [they are] restrained of [their] liberty by due process of law, not whether [they are] guilty or innocent. It is addressed to [those] who detain another in custody and commands [them] to produce the body of the person in custody, with the day and cause of [their] caption and detention, and to do, submit to, and receive whatever the court shall think fit. This writ is guaranteed by the U.S. Const. Art. 1, Sec. 9, and by the state constitutions. 28 U.S.C. 2241 -2255."

In laymans terms, this particular writ federal code 28 U.S.C. 2241 - 2255 states by constitutional guarantee, if a detainee under due process of law of the United States has a legitimate claim to violations of constitutional and/or human rights, and makes those claims under writ of Ha'beas Cor'pus ad subjicien'dum, their jailer is required by federal law to bring them to court to discuss these potential violations of liberties. Ha'beas Cor'pus ad subjicien'dum obligates by federal statute that those who detain a person, in this case the warden and other prison staff involved in making decisions of constitutional rights [captain, unit manager, associate warden, etc.] to bring the person in their custody to the court so that those detainers/custodians and the detainee can state their response to and claim of a deprivation of constitutional and human rights. The court, by U.S. Code U.S.C. 2241 - 2255 is required to issue a ruling/order on these claims and the custodian, in this case the federal government detention center, is to follow this court order/ruling. The failure to produce detainee to the court for decision on detainees constitutional rights or the failure for the custodian to follow this court order on constitutional rights is also potentially a criminal violation of 18 U.S.C. 241 and/or 18 U.S.C. 242, laws which make it illegal in America to violate civil liberties and constitutional rights of another, inside or outside of detention.

Respectfully, but with the full force of the constitution and its statutes and codes that proscribe not just conduct of the citizenry, but its government and its government employees, I, a detainee of the U.S. government and Metropolitan Detention Center Los Angeles, demand a hearing by Writ of Ha'beas Cor'pus ad Subjicien'dum in U.S. Government Federal Court. I seek remedy and ruling regarding deprivations of my first, sixth, and eighth amendment rights by the United States of America and its Federal Bureau of Prisons, specifically Metropolitan Detention Center Los Angeles. I seek conference with the court and the appropriate detention center staff regardless of whether these issues are instantaneously remedied or not.

The federal government and its detention centers have historically and personally failed to fulfill their claims to action or remedy of issues within their controls. The detention center has rescinded and betrayed their promises, protocols, and plans of program and failed to uphold and protect constitutional rights on numerous occassions. Their claims to honor, fulfill or redress constitutional rights cannot be trusted for a single day, let alone months or an indefinite time period. The detention center cant even tell the truth about changes to their own programs and whether or not they are putting people in a 20 hour a day lockdown to remodel a floor or because a camera broke or the government is too cheap to buy a new elevator.

The claimed deprivation of liberties are as follows.

Sixth Amendment Rights: On January 27th, 2024 I informed the detention center counselor that I was exercising my sixth amendment right to manage my criminal trial as granted to me by the constitution. I informed this counselor that the U.S. District Court told me I was, as a pro-se defendant, entitled to extra permissions and access to represent myself to the fullest extent of my abilities and rights. This counselor in an act of honesty told me that he had witnessed self representation be a nearly impossible feat from other defendants attempts of it in Metropolitan Detention Center Los angeles. This counselor, as well as other detainees, stated that they have seen court orders be ignored many times. I asked to speak to unit manager for over a week before he told me to send a copout with my requests.

The detention has ignored my copouts many times. For months it ignored copout complaints about the only copy machine having no toner. I also asked the education staff to come up to talk to me about extra law library access. The education staff came up to my floor to tell the guard Vega I could talk about it to them during normal law library hours; hours which occur at the same time as Jewish Religious Services. It took weeks to receive certified mail slips and it will take days to send a document by certified mail because of how the detention protocol works. Certified mail costs extra stamps. I havent received stamps in weeks because they are out of stock and they only give out twenty a week when they are available. I have no idea how many stamps a package costs to send so I have to over guess, wasting stamps. I am out of commissary funds because writing motions on the charges by the minute email program and printing out to edit these documents outside of limited computer time cost about 1000 dollars. I have numerous other issues representing myself pro se in this detention that require permissions but that arent even worth mentioning because they will be ignored.

Eighth Amendment: On February 6th, 2024 the housing unit I was put in was moved to a different floor so that the floor we were originally on could be remodeled. We were told we would not be locked down, but our unit is now on a lock down 20 hours a day. Aside from further violating my sixth amendment rights and the detriment to a persons welfare, this 20 hours locked in a tiny cell with another person is cruel and unusual punishment, especially prior to a verdict of guilt, but including those found guilty.

The detention center is the punishment. Not the cell inside it. The punishment is removal from society. Putting inmates in solitary housing on a lockdown for 20 - 23 hours because they require special protection from the general population or because they dont identify racially or by gender with the general population or because they have disabilities or because the

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO: Lipman, Marc
SUBJECT: writ
DATE: 02/07/2024 08:16:02 PM

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

prison was too incompetent to prevent them from doing drugs or because the detention center and United States government fails to provide adequate psychological care and rehabilitation leading to inmates getting into fights or breaking rules is unconstitutional. The federal bureau of prisons might not have gaschambers but it is still a concentration camp of its own kind. The lockdowns and solitary housings and rights violations create an entire group/class of people with lifelong mental illness; and its not difficult to understand why so many detainees go on to reoffend.

First amendment: Upon Detention for "probable cause" arrest by U.S. Attorney's Office, Magistrate, the Federal Bureau of Investigation, and New Jersey State Police, I went on a 9 day hunger strike in protest of this arrest and my belief the probable cause charge was unconstitutional. This protest and belief was deemed meritous when the U.S. Attorneys office indicted me for a single count on a much lesser alleged "crime". The same day my probable cause charge was deemed lacking merit, the Detention Center Captain and Unit 2 Manager, possibly under order of Warden, ended my 9 day hunger strike by stripping me naked, forcing me into a smock that provides no warmth or coverage, putting me in a room with no paper, pen, books, other entertainment or even a mattress and blanket, and threatening to throw out my legal documents and prevent me from seeing my then counsel until I ate. They didnt give me a mattress until 1 am or so.

I have a constitutional right to go on a hunger strike. Fasting and Hunger striking is a major tenet of Judaism. Jews have been fasting in protest of their societies conditions and attempts to remove their rights as Jews and people. The prayer before most holidays was written by a Jewish person who went on a hunger strike in protest of their government and continued it when that government arrested him. It is my first amendment right to hunger strike the conditions of a government or its prisons and I seek court order stating otherwise. The detention center has no right to interfere without a court order. I will abide any court order, regardless of my interpretations of its constitutionality.

I offer the Metropolitan Detention Center Los Angeles and the United States Federal Government Bureau of Prisons this writ of Ha'beas Cor'pus ad subjicien'dum so that my complaint of a deprivation of my first, sixth, and eighth amendment rights liberties can be addressed, ruled on and redressed by a federal court. I hereby exercise my fifth amendment rights with Metropolitan Detention Center Los Angeles outside of a courtroom.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

2:23-cr-00491-FLA
Motion to Order Federal Bureau of Prisons not to intervene in hunger strike

   Defendant Jonathan Lipman seeks court order to forbid the Metropolitan Detention Center Los Angeles from ending defendants first amendment protected hunger strike without a court order. Prisons have wardens, captains, and lieutenants to establish a chain of command and accountability. These captains, wardens and lieutenants are able to appear before a judge to explain their conduct. The Federal Bureau of prisons has no right or ability to decide or determine on its own the constitutionality of a hunger strike. The detention center has no right to subject defendant to using a room with cold temperatures and 24 hour light (forms of torture), forced nudity, a lack of access to writing and reading materials, denial of access to law library or email to compose legal documents. This conduct violates 1st, 6th, and 8th amendment rights. The Federal Governments detention center has no right to intervene in hunger strike by jamming a feeding tube down a rights denied defendants throat without a court order permitting it.

   Detainees and defendants have a right to protest detention conditions and sixth amendment rights violations with hunger strikes. Though ending any hunger strike is likely unconstitutional, the Metropolitan Detention Center Los Angeles has already ended defendants 9 day hunger strike in October protesting their dismissed probable cause arrest charge by stripping them naked, putting them in a cold room with 24 hour light, threatening to destroy legal documents and preventing them from legal visits. Defendant agrees to eat Kosher meals without need of feeding tube upon potentially lawful end of this hunger strike by courts order of defendant to eat (so that the superior courts can rule on this orders constitutionality).

   Defendant seeks court order to forbid the Metropolitan Detention Center Los Angeles from ending their hunger strike by any means, but especially the following means :
Verbal Abuse (threatening them phyisical harm or threatening to put them in a cell with other inmates who will harm them)
Physical abuse (slamming inmates into a wall or throwing them into the ground)
Threatening to destroy legal documents, notes, and other paperwork or destroying legal documents,notes, and paperwork
By stripping them Naked
By putting them in a room with no blanket or mattress
By withholding from them paper and pen
By withholding from them legal mail
By withholding from them law library
By withholding from them other legal resources
By withholding from them books to read
By having them put in an observation room
By withholding them access to the yard
By having a guard or guards sit outside their room to mock them or talk loudly
By torturing them with 24 hour light
By torturing them with cold temperatures
By denying them clothes
By denying them access to computer to write motions or legal documents
By putting them in solitary housing

   The United States Constitution protects freedom of religion and expression. Defendant in this case is a Jewish person. They have been one of the Metropolitan Detention Center Los Angeles attendees of Jewish Religious services for months. Judaism is a religion that practices fasting and hunger strike. There are 10 days a year on the Jewish Calendar that are fasting days. Outside of these fasting days, Jewish Rabbis and adherents have practiced indefinite hunger strikes for thousands of years. The prayer said before all holidays in the Jewish religion was written by a person who protested the government with a hunger strike. Jews have practiced hunger strikes to repent to God and protest societies violations of their beliefs practices, which includes the right to hunger strike. There is a history of Jewish peoples hunger striking in prisons around the world out of protest to their detention for their rights. One of the most recited prayers in the Jewish religion was written by a person who hunger struck to protest a government detaining them for refusing to give up what America today considers a first amendment right.

   A hunger strike protesting an unconstitutional indictment and unconstitutional conditions of detention is speech and expression protected by the first amendment of the United States constitution. This is not a case of attempted suicide; if defendant dies, that is the choice of the federal government and its unwillingness to admit its errors and faults, fix its protocols, and remedy its violations of humanity, which includes but is not limited to defendant.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO:
SUBJECT: H.S.
DATE: 02/07/2024 08:25:31 PM

legal mail



