TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

2:23-cr-00491-FLA
Motion to Read this document

FILED
CLERK, U.S. DISTRICT COURT
FEB 14 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

   This writ of Ha'beas Cor'pus ad subjicien'dum will have been given to multiple prison staff members by the time the District court and Attorney's Office has received copy. I don't expect the detention center to handle it properly if at all. From what I can tell arrangements regarding a writ of Ha'beas Cor'pus ad Subjicien'dum are supposed to be made by the detention center, not the court.
   The detention center has severely restricted my unit and we are now on a 20 hour a day lockdown. I have much less computer access than I did before. My Pro Se permissions have been diminished, not increased.
   I will be returning to hunger strike as it is the only thing the detention center has responded to at all in the past. I hunger strike to protest the governments violations of not just my 1st and 6th amendment rights, but my 8th amendment rights as well as my fellow detainees. See attached motion regarding the constitutionality of this hunger strike. I will follow court orders regardining it and appeal those orders to higher courts as remedy to any disagreement with them.
   The detention center has during my as mentioned to magistrate original October 2023 hunger strike, threatened me and claimed they could tie me up and force feed me with a feeding tube. I have heard they can do that, I have heard they cant do that, and I have heard they need a court order. All I know is they have threatened me personally that the detention center will feeding tube me and they have responded by denying me access to everything, including clothes.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

----------------------------------------------------------------------------------------

FROM: 79509510
TO:
SUBJECT: motion to read
DATE: 02/07/2024 08:19:18 PM

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

----------------------------------------------------------------------------------

I

Writ of Ha'beas Cor'pus ad Subjicien'dum

    This is a writ of Ha'beas Cor'pus ad Subjicien'dum, which is defined by the Metropolitan detention center los angeles law library as "the celebrated perogative writ of American and English law, which is the usual remedy for a person deprived of [their] liberty. Its purpose is to test the legality of the restraints on a persons liberty, i.e., whether [they are] restrained of [their] liberty by due process of law, not whether [they are] guilty or innocent. It is addressed to [those] who detain another in custody and commands [them] to produce the body of the person in custody, with the day and cause of [their] caption and detention, and to do, submit to, and receive whatever the court shall think fit. This writ is guaranteed by the U.S. Const. Art. 1, Sec. 9, and by the state constitutions. 28 U.S.C. 2241 -2255."

    In laymans terms, this particular writ federal code 28 U.S.C. 2241 - 2255 states by constitutional guarantee, if a detainee under due process of law of the United States has a legitimate claim to violations of constitutional and/or human rights, and makes those claims under writ of Ha'beas Cor'pus ad subjicien'dum, their jailer is required by federal law to bring them to court to discuss these potential violations of liberties. Ha'beas Cor'pus ad subjicien'dum obligates by federal statute that those who detain a person, in this case the warden and other prison staff involved in making decisions of constitutional rights [captain, unit manager, associate warden, etc.] to bring the person in their custody to the court so that those detainers/custodians and the detainee can state their response to and claim of a deprivation of constitutional and human rights. The court, by U.S. Code U.S.C. 2241 - 2255 is required to issue a ruling/order on these claims and the custodian, in this case the federal government detention center, is to follow this court order/ruling. The failure to produce detainee to the court for decision on detainees constitutional rights or the failure for the custodian to follow this court order on constitutional rights is also potentially a criminal violation of 18 U.S.C. 241 and/or 18 U.S.C. 242, laws which make it illegal in America to violate civil liberties and constitutional rights of another, inside or outside of detention.

    Respectfully, but with the full force of the constitution and its statutes and codes that proscribe not just conduct of the citizenry, but its government and its government employees, I, a detainee of the U.S. government and Metropolitan Detention Center Los Angeles, demand a hearing by Writ of Ha'beas Cor'pus ad Subjicien'dum in U.S. Government Federal Court. I seek remedy and ruling regarding deprivations of my first, sixth, and eighth amendment rights by the United States of America and its Federal Bureau of Prisons, specifically Metropolitan Detention Center Los Angeles. I seek conference with the court and the appropriate detention center staff regardless of whether these issues are instantaneously remedied or not.

    The federal government and its detention centers have historically and personally failed to fulfill their claims to action or remedy of issues within their controls. The detention center has rescinded and betrayed their promises, protocols, and plans of program and failled to uphold and protect constitutional rights on numerous occassions. Their claims to honor, fulfill or redress constitutional rights cannot be trusted for a single day, let alone months or an indefinite time period. The detention center cant even tell the truth about changes to their own programs and whether or not they are putting people in a 20 hour a day lockdown to remodel a floor or because a camera broke or the government is too cheap to buy a new elevator.

    The claimed deprivation of liberties are as follows.

    Sixth Amendment Rights: On January 27th, 2024 I informed the detention center counselor that I was exercising my sixth amendment right to manage my criminal trial as granted to me by the constitution. I informed this counselor that the U.S. District Court told me I was, as a pro-se defendant, entitled to extra permissions and access to represent myself to the fullest extent of my abilities and rights. This counselor in an act of honesty told me that he had witnessed self representation be a nearly impossible feat from other defendants attempts of it in Metropolitan Detention Center Los angeles. This counselor, as well as other detainees, stated that they have seen court orders be ignored many times. I asked to speak to unit manager for over a week before he told me to send a copout with my requests.

    The detention has ignored my copouts many times. For months it ignored copout complaints about the only copy machine having no toner. I also asked the education staff to come up to talk to me about extra law library access. The education staff came up to my floor to tell the guard Vega I could talk about it to them during normal law library hours; hours which occur at the same time as Jewish Religious Services. It took weeks to receive certified mail slips and it will take days to send a document by certified mail because of how the detention protocol works. Certified mail costs extra stamps. I havent received stamps in weeks because they are out of stock and they only give out twenty a week when they are available. I have no idea how many stamps a package costs to send so I have to over guess, wasting stamps. I am out of commissary funds because writing motions on the charges by the minute email program and printing out to edit these documents outside of limited computer time cost about 1000 dollars. I have numerous other issues representing myself pro se in this detention that require permissions but that arent even worth mentioning because they will be ignored.

    Eighth Amendment: On February 6th, 2024 the housing unit I was put in was moved to a different floor so that the floor we were originally on could be remodeled. We were told we would not be locked down, but our unit is now on a lock down 20 hours a day. Aside from further violating my sixth amendment rights and the detriment to a persons welfare, this 20 hours locked in a tiny cell with another person is cruel and unusual punishment, especially prior to a verdict of guilt, but including those found guilty.

    The detention center is the punishment. Not the cell inside it. The punishment is removal from society. Putting inmates in solitary housing on a lockdown for 20 - 23 hours because they require special protection from the general population or because they dont identify racially or by gender with the general population or because they have disabilities or because the

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

FROM: 79509510
TO: Lipman, Marc
SUBJECT: writ
DATE: 02/07/2024 08:16:02 PM

TRULINCS  79509510 - LIPMAN, JONATHAN - Unit: LOS-I-N

---

prison was too incompetent to prevent them from doing drugs or because the detention center and United States government fails to provide adequate psychological care and rehabilitation leading to inmates getting into fights or breaking rules is unconstitutional. The federal bureau of prisons might not have gaschambers but it is still a concentration camp of its own kind. The lockdowns and solitary housings and rights violations create an entire group/class of people with lifelong mental illness; and its not difficult to understand why so many detainees go on to reoffend.

First amendment: Upon Detention for "probable cause" arrest by U.S. Attorney's Office, Magistrate, the Federal Bureau of Investigation, and New Jersey State Police, I went on a 9 day hunger strike in protest of this arrest and my belief the probable cause charge was unconstitutional. This protest and belief was deemed meritous when the U.S. Attorneys office indicted me for a single count on a much lesser alleged "crime". The same day my probable cause charge was deemed lacking merit, the Detention Center Captain and Unit 2 Manager, possibly under order of Warden, ended my 9 day hunger strike by stripping me naked, forcing me into a smock that provides no warmth or coverage, putting me in a room with no paper, pen, books, other entertainment or even a mattress and blanket, and threatening to throw out my legal documents and prevent me from seeing my then counsel until I ate. They didnt give me a mattress until 1 am or so.

I have a constitutional right to go on a hunger strike. Fasting and Hunger striking is a major tenet of Judaism. Jews have been fasting in protest of their societies conditions and attempts to remove their rights as Jews and people. The prayer before most holidays was written by a Jewish person who went on a hunger strike in protest of their government and continued it when that government arrested him. It is my first amendment right to hunger strike the conditions of a government or its prisons and I seek court order stating otherwise. The detention center has no right to interfere without a court order. I will abide any court order, regardless of my interpretations of its constitutionality.

I offer the Metropolitan Detention Center Los Angeles and the United States Federal Government Bureau of Prisons this writ of Ha'beas Cor'pus ad subjicien'dum so that my complaint of a deprivation of my first, sixth, and eighth amendment rights liberties can be addressed, ruled on and redressed by a federal court. I hereby exercise my fifth amendment rights with Metropolitan Detention Center Los Angeles outside of a courtroom.

legal mail

2;23-cr-00491-FLA
U.S. v Jonathan Lipman

For the record, I have seen and reviewed numerous cases in the ninth circuit detailing hunger strikes that lasted 20 days or more. I am led to believe hunger strikes are allowed and the3 metorpolitan detention center los angeles threats of forced f feeding and use of an observation room I was put intop naked were illegal, and possibly violated tort laws in California. The motion to order pootection of hunger strike is likely moot and legally unnecessary but I am not sure what to do given the detention centers conduct.

I type this on a typewriter because I have run out of funds. I can no longer afford to write on the email program that charges by the minute.

The detention center is only offering me 6 - 9 extra hours of law library time once I fill out a packet and they take however long they take to find out I dont have an attorney and are representing myself pro-se.

Because of the new lockdown and move to a different unit my law library access has been restricted further.
This 6 - 9 hours will not be enough for me to learn court rules and procedures.

Once again the case should be dismissed.

   Not because of issues with detention but due to its lack of merits and fulfillment of the statute. The detention center is a whole other issue that should cease affecting defendant in case 2:23-cr-00491-FLA but affects so many others.

2:23-cr-00491-FLA

Legail mail

2:23-cr-00491-FLA

2:23-cr-00491-FLA                                    February 8th 2024

Motion to read document:

    Motions to dismiss, regarding remand to detention, and regarding discovery, and regarding sixth amendment rights and needs were put in the prison mailbox February 5th 2024 and no longer in there February 6th 2024. I have not recieved rejection letters as of Thursday Evening February 8th, 2024. I have hardcopies on hand if the U.S. Attorneys Office wants to come pick them up, but the stamp situation prevents me from being able to send a backup copy just to be safe. Detention cameras would show me organizing them, putting them in two envelopes and putting them in the mailbox at 8:32 P.M. Monday February 5th, 2024.

    I'm sorry if these repetitious detailings of these motion submissions are excessive. 10 days into my detention, the detention center had already threatened to destroy my legal documents and interfere in my trials for exercising my constitutional rights.

    I would rather the U.S. district Court and U.S. Attorneys Office be thorough than quick...

legal mail

Jonathan Lipman 74509-510
Metropolitan Detention Center Los Angeles
P.O. Box 531500
Los Angeles CA 90053

LOS ANGELES CA 900
12 FEB 2024 PM 4 L

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 14 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Fernando L Aenlle-Rocha
1st Street Courthouse
350 W 1st Street
Courtroom 6B 6th Floor
Los Angeles 90012

