Written on or about December 1st 2023 & Shared with Federal Government Public Defender When district Court struck from record

(1)

Motion to Stay Detention/Remand pending appeal rulings.

No 2:23-cr-00491-FLA

FILED
CLERK, U.S. DISTRICT COURT
MAR 18, 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: PMC DEPUTY

The following is a motion for a stay of remand to detention of defendant Jonathan Lipman in "United States vs Jonathan Thomas Lipman" to the U.S. District court for the Central District of California. Defendant is seeking a stay of remand pretrial and a stay of remand to custody should jury deliver a guilty verdict, following sentencing, until; the district court, court of appeals and supreme court issue rulings or decline for review "United States vs Jonathan Thomas Lipman" on grounds indictment and conviction violate the United States constitutions Amendment One. An appeal on First Amendment grounds will be submitted to the courts, but conditions of United States government's Metropolitan Detention Center - Los Angeles, including but not limited to denial of access to paper, envelopes, writing programs on computer or adequate access to typewriter, and stamps, and potentially 8th amendment violating sleeping conditions and treatment of inmates by staff; and ineffective, subversive, and untimely counsel by federal government public defender, are limiting the expedient first amendment appeal the constitution and its precedents require.

For all effective purposes, without giving too much information regarding appeal due to lack of past to inform arguments at this time (such would take too long to typewrite and never be completed in the inadequate 3 hours per week detainees are granted access to Law Library), the defendant Lipman is detained for no reason other than the fact the government claims they need to cease and prevent defendants sending of emails to the government. The Federal Bureau of Investigation has confirmed this claim recording their admonishment of defendant sending emails and that they arrested defendant for continuing to send emails in discovery. The federal government prosecutor, in discussions with the federal government public defender, allegedly denied to agree to end of defendants pretrial remand, by stating the government could not agree to defendants release from detention because the government could not ensure defendant would cease sending emails to government addresses. The governments actions, decisions, and justifications to remand defendant to prevent their interaction with public officials amounts to an injunction against defendant. This injunction against defendant enjoins them from what likely amounts to constitutional speech without an actual ruling on the constitutionality of this effective injunction.

Federal Government's Probation, Federal Government's Attorney's Office, and Federal Government's District Court for the Central District of California have issued rulings and passed judgements that claim the necessity of this remand. They have based this necessity on the circumstances of court cases in Ocean County New Jersey, Oceanport New Jersey, a psychological observation order by the Los Angeles Police Department in Los Angeles Downtown Medical Center, and a restraining order issued by the Los Angeles Superior Court, that defendant has claimed many times to these records and record keepers violate first amendment



rights.

No judge has ever issued a ruling denying the first amendment has been violated in these cases to defendants knowledge. No judge, which includes the only victims alleged in this case or indictment, has ever filed in writing following an independent examination of even part of the record and supreme court precedent, rejections of the claims of constitutional rights violations presented to them or against them. Probation provides no discovery to support its determination defendant unjustifiably or unconstitutionally ceased participation in trials, has/had a mental health problem worthy of treatment or a risk of flight from accountability, or a restraining order was indeed meritous and upstanding of law.

Probation has literally taken the word at face value of judges long accused of failure of the constitution and its rights who also happen to be the alleged victim or witnesses in the trial of the accused. The judgements and claims of these public individ-uals can only be considered by a judge or jury once facts are presented in full, especially in cases claiming violations of first amendment and other constitutional rights. The incomplete and suspiciously limited discovery provided by the federal US government's Attorney's Office avoids completely any investigation into these documented trials, or the psychological observation referenced in remand hearings or mentioned briefly in evidence. Government district court was forced and/or willing to accept these claims on their face, because other federal government serving ineffectively as council, was more interested in coercing and manipulating the court (to serve their overburdened) caseload) into a 6th amendment violating continuance defendant objected to vehemently, than to raise constitutional objections that served the truth, the record, and the individual defendant. and their first amendment rights.

"As in other first amendment cases, the court is obligated to make an independent examination of the whole record in order to make sure that the judge does not constitute a forbidden intrusion into the field of free expression. In considering content, form, and context, no factor is dispositive, and it is necessary to evaluate all the circumstances of the speech, including what was said, where it was said, and how it was said." [Snyder vs Phelps, 2011 (Roberts, Ch. J. joined by Scalia, Kennedy, Thomas, Ginsburg, Breyer, Sotomayor, and Kagan)]

"Because the magistrate [and District judge] made no factual findings with respect to the truthfulness and accuracy of statements", [ Coplin vs Fairfield Public Access Television Committee, 1997 (Circuit Magill)] by probation and prosecutor regarding circumstances of remands necessity potentially violating the first amendment "The court can reach (no) conclusion as a matter of law that statements are constitutionally proscribable....Accordingly [the district] must reverse the courts granting of summary judgement" [Coplin vs Fairfield Public Access Television Committee, 1997 (Magill)] to remand defendant Jonathan Lipman. (Honestly this statement is way more verbatim of theory, word, and application than its composition on the page makes it seem.

3

No different than forbidding Nazis from marching in Skokie streets from telling Jews the world would be better off if they died, "if a state seeks to impose such restraint on first amendment rights pending appeal of [this] injunction, it must provide strict procedural safeguards including immediate appelate review." [National Socialist Party of America vs Village of Skokie, 1977 (Brennan, Marshall, Blackmun, Powell, and Stevens)] These safeguards must also include defendant Jonathan Lipman's 6th amendment right to seek alternative council, compose legal documents on a 21st century word document composer like microsoft word with ability to alter or save documents, access to the law libraries of the internet or any other library more than 3 hours a week that constitutional rights violating government detention doesnt allow, and access to paper, stamps, envelopes, and any other legal resources required. The safeguards must also protect defendant Jonathan Lipmans pretrial 8th amendment right not to be sleep deprived by prison guards that wake them up or talk all night, protected from determined to be guilty inmates that threaten them, talk all night, or snore, prevented from being harmed or losing sleep pretrial from beds with inadequate mattress, steel bedframe, and no pillow thatprevent restorative sleep, allow them to continue to eat nutritious meals that meet daily fiber and caloric requirements they ate pre-indictment that federal government detention does not provide, and to prevent them from being threatened by detention senior staff who strip people naked and torture them with an isolation room with light and cold for exercising their constitutional first amendment and international human right to hunger strike.

This injunctive remand before trial and before the district, 9th circuit court of appeals, and supreme court of the United States makes an independent examination of the record in full and not just the limited discovery the government provided "will deprive [defendant Jonathan Lipman] of rights protected by the first amendment [and constitution] during a period of appelate review which, in the normal course, may take a year or longer to complete." [National Socialist Party of America, 1977 (Brennan, Marshall, Blackmun, Powell, and Stevens)] "Absent such a review" and the aforementioned strict procedural safeguards the Federal court "must instead allow a stay." [National Socialist Party of America vs Village of Skokie, 1977 (Brennan, Marshall, Blackmun, Powell, and Stevens)]

(This appeal wasn't written by a public defenders office that has refused to raise constitutional arguments for months in past hearings because the federal government ignoring violations of their clients and citizens constitutional rights is standard procedure. It was written on a typewriter in a noisey education room that is more used to fulfill commissary orders of mind numbing foods the government provides to limit the inmates proactivity, hence all the typos and momentary losses of page. This appeal was written by a jew locked in a federal detention center for words of protest to judges who failed their first amendment right to have the full record of Ocean County New Jersey's violent antisemitism and gross constitutional rights violations be independently examined in courts of law. Ocean County New Jersey asked for and recieved constitutional rights proceedings in. This Jew is in a detention center forprotesting



for protesting township, county, states and federal governments failing to uphold constitutional rights, subverting constitutional rights, or downright violating constitutional rights including the first, fourth, fifth, sixth, eighth, ninth, tenth, and fourteenth amendment.

The Jew writing this document lives in a country where Nazis now care more about their rights than their own governments representatives. It would be funny if this Jew and so many others werent suffering in a United States concentration camps their governments pretend exist for rehabilitation.)