E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4962
        Facsimile: (213) 894-0141
        E-mail:    clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                      UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CR-00491-FLA |
| Plaintiff, | SUPPLEMENTAL BRIEF REGARDING GOVERNMENT'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE OF DEFENDANT'S RELATIONSHIP AND CONTACT WITH OTHER PUBLIC OFFICIALS |
| v. | |
| JONATHAN LIPMAN, | |
| Defendant. | Trial Date:    April 2, 2024 |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Clifford D. Mpare
and Daniel H. Weiner, hereby files this supplemental brief in
support of its motion in limine to introduce evidence of defendant's
relationship and contact with public officials other than K.R., the
victim identified in the indictment.

1   This supplemental brief is based on the attached memorandum of

2   points and authorities, the files and records in this case, and such

3   further evidence and argument as the Court may permit.

4    Dated: March 22, 2024                Respectfully submitted,

5                                         E. MARTIN ESTRADA
                                          United States Attorney

6
                                          MACK E. JENKINS
7                                         Assistant United States Attorney
                                          Chief, Criminal Division

8

9                                              /s/
                                          _____
                                          CLIFFORD D. MPARE
10                                        DANIEL H. WEINER
                                          Assistant United States Attorneys
11
                                          Attorneys for Plaintiff
12                                        UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         After the pretrial conference on March 15, 2024, the Court

4    requested supplemental briefing on the evidence the government will

5    proffer related to other relationships and contact defendant had

6    with public officials.  Accordingly, the government supplements its

7    Motion in Limine #1 regarding such evidence (Dkt. 57).

8         The government seeks to introduce evidence through testimony

9    and a limited number of exhibits related to defendant's

10   relationships and contact with public officials in New Jersey other

11   than the named victim in this case, K.R.  This evidence is not being

12   offered to "to prove [defendant's] **character** in order to show that

13   on a particular occasion [he] acted in accordance with th[at]

14   character."  See Fed. R. Evid. 404(b)(1) (emphasis added).

15   Accordingly, the evidence is not subject to the restrictions

16   contained in Rule 404(b) of the Federal Rules of Evidence.

17        Instead, the government intends to introduce this evidence in

18   its case-in-chief as: (i) as direct evidence of defendant's course

19   of conduct against K.R. and defendant's intent and motive; and (ii)

20   as evidence that is inextricably intertwined with defendant's course

21   of conduct against K.R.  The proffered evidence is therefore

22   necessary to provide context to the government's narrative and for

23   the government to meet its burden in this case.

24        Alternatively, the proffered evidence is admissible under Rule

25   404(b) because it is not being offered as propensity evidence.

26   Instead, it is admissible under 404(b) because it tends to prove

27   defendant's motive, intent, preparation, plan, and identity.  Fed.

28   R. Evid. 404(b); see also Mot. in Limine #1 (Dkt. 57) at 12 – 14.

1  **II.   THE PROFFERED EVIDENCE IS DIRECTLY RELAVANT TO THE CHARGED**
2  **CRIME**

3       The proffered evidence will be introduced through the following
4  witnesses:

5               **a. Probation Officer E.C.**

6       Probation Officer E.C. is expected to testify about her role in
7  scheduling judicial hearings for K.R. in relation to defendant's New
8  Jersey Court proceedings.  During E.C.'s testimony, the government
9  anticipates introducing voicemails left by defendant on E.C.'s work
10 phone regarding K.R.  (Exhibits 4, 5, and 6).  Defendant's conduct
11 towards E.C. and its subsequent impact on K.R. are directly relevant
12 to show defendant's repeated attempts to harass and intimidate K.R.

13      This evidence is therefore admissible because it allows the
14 government to tell its narrative about defendant's repeated,
15 persistent attempts to harass and intimidate K.R. and to prove
16 defendant's intent.

17               **b. K.R.**

18      K.R. is expected to testify about K.R.'s role presiding over
19 defendant's New Jersey court proceedings and defendant's conduct
20 directed towards K.R. after K.R. issued a judicial order.  During
21 this testimony, the government anticipates introducing one of
22 defendant's emails in which defendant copied other public officials,
23 including a Magistrate Judge in the Central District of California
24 and other judicial officers in New Jersey (Exhibit 30), and playing
25 voicemails left by defendant on E.C.'s work phone regarding K.R.
26 (Exhibits 4, 5, and 6).

27      This evidence is admissible because it allows the government to
28 tell its narrative about defendant's repeated, persistent attempts

1   to harass and intimidate K.R. and to prove defendant's intent and

2   motive in directing his attacks toward K.R.

3                **c. FBI Special Agent Tomes**

4      Agent Tomes is expected to testify about defendant's contact

5   and relationship with other public officials prior to and <u>during</u> the

6   course of conduct against K.R.  Such testimony is expected to

7   include Agent Tomes's description of law enforcement's investigation

8   into defendant's social media messages, emails, and voicemails sent

9   to multiple law enforcement agents and public officials, including

10  K.R., throughout 2022 and 2023.  This evidence is directly relevant

11  to the government's case-in-chief because it shows the progression

12  of defendant's course of conduct towards public officials, which

13  escalated and culminated in direct and specific attacks on K.R.

14  This testimony is therefore admissible because it allows the

15  government to tell its narrative and prove defendant's intent and

16  motive.  In support of Agent Tomes's testimony, the government

17  anticipates relying on Exhibits 4, 5, 6, and 30.

18

19

20

21

22

23

24

25

26

27

28