TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

--------------------------------------------------------------------------------



2:23-cr-00491-FLA
Motion to add to the Record/Failure to clear/permit paralegal

On February 6, 2024 [though it was received by the court February 9, 2024] Pro-Se defendant motioned to the district court for the paralegal and private investigator the District should have assigned to Pro-Se Defendant along with the standby attorney Pro-Se Defendant didnt ask for. This standby attorney was appointed by the district court thats been accused of making numerous mistakes and violating speedy trial rights and the sixth amendment. Pro-Se Defendant accused this court of either incompetently (by lack of time and resources needed to competently attend to a case) or deliberately conspiring with the Federal Government Public Defenders Office and Federal Government Attorney's Office to violate not Pro-se at the time defendants sixth amendment rights to a speedy trial.

On or around February 27, 2024 this standby attorney Joel Koury claimed that the paralegal was imminently coming to see Pro-Se defendant. For weeks after that standby attorney Joel Koury claimed surprise that the paralegal and private investigator hadnt visited Pro-Se Defendant. On March 5, 2024 Pro-Se Defendant met with this private investigator and gave him a list of subpoenas and items of investigation. This private investigator claimed to be delayed because they were not granted clearance to visit defendant.

On March 15, 2024 Standby attorney Joel Koury repeatedly interrupted Pro-Se Defendant in district court during a pretrial hearing to attempt to coerce Pro-Se defendant into asking for a continuance, with intonations and interjections that interfered with and effected Pro-se defendants ability to compose themself in the pretrial hearing. Standby attorney during this hearing threatened to have defendants private investigator cease investigation if defendant did not seek a continuance, even though this private investigator was supposed to work for defendant Pro-Se, not standby counsel. This led defendant Pro-Se, in hearing, to ask district court latest date request for continuance could be filed.

On March 17/18 2024 Pro-Se Defendant submitted through mail [that Federal Government through Bureau of Prisons has access to read before submission to district court] speculations that standby attorney Joel Koury was deliberately withholding private investigator and paralegal from Pro-Se defendant to force defendant into another continuance.

On March 19 and March 20, 2024, standby attorney Joel Koury repeatedly on the phone attempted to coerce Pro-Se defendant into getting a continuance. Pro-Se defendant repeatedly told him defendant would not be getting another continuance and that the denial of investigation into defendants intent for trial and denial of Pro-se Defendant a paralegal and private investigator upon timely request initially to federal government through its public defenders office and then district court was not the fault or decision of defendant, but rather the federal governments subversion of defendants rights.

On March 20, 2024 Pro-Se defendant met with private investigator and was given a letter written from Joel Koury. This private investigator was asked to submit this letter to the court along with documents already mailed. Aside from pointing out what a terrible attorney defendant is in this letter, and how the judge and attorneys office will use defendants poor abilities as a defense attorney to prevent the jury the truth and defendant a fair trial, Joel Koury claimed this paralegal defendant motioned the federal government for February 6-9, 2024 did not yet receive clearance to visit, though she would receive clearance that is claimed to take a month in the next few days, about 3 business days from defendants continued trial. It also came out in this meeting private investigator only started to investigate and seek witnesses after this pre trial hearing that defendant refused standby attorneys attempts at coercion.

Pro-Se defendant hereby accuses the federal government of conspiring against defense to prevent defendant from a fair trial. Whether it is the federal government detention center, or the federal government district court, or the federal government attorneys office, working alone or together, defendants sixth amendment rights to a speedy trial, due process, and access to timely investigator and paralegal have been violated. Defendant has been denied the resources for trial for 6 months.

Defendant accuses the federal government of attempting to force them into a continuance so it can get away with violating sixth, eighth, and fourteenth amendment rights as asking for a continuance makes a speedy trial dismissal moot. Defendant is obviously not the only person whose sixth amendment rights have been violated by the federal government when a defendant refused to waive their sixth amendment rights. Pro-Se defendant is certainly not the only defendant who the federal government public defender and federal government attorneys office attempted use a detention center violating eighth and fourteenth amendment rights of dozens if not hundreds of people, to coerce and intimidate an unwilling defendant into taking a plea deal after six months or a year of suffering violations of eighth and fourteenth amendment rights.

Defendant accuses to the record the federal government of deliberately sabotaging due process of defendant. If the federal government was forced by virtue of dismissal or dismissal on appeal, to admit the federal government violated this particular defendants sixth amendment rights with their protocols and their conduct, the federal government would have to admit this government has done the same to many others. The government would have to admit their system is designed to violate due process or the federal government is deliberately taking advantage of these systemic flaws to win a case and detain an american citizen in this prison industrial complex rather than serve the constitution and the truth.

The district court judge can continue to punish defendant for publishing the truth of this broken system subverting due process and constitutional rights into the record, with incomplete pretrial hearings or subversions of defendant sharing their intent in an intent case to the full truth the law requires. The freedom the government has removed from defendant and threatens to continue to remove from defendant for exercising and attempting to exercise their constitutional rights is imaginary without the actual freedoms the bill of rights intended Americans to have.

TRULINCS  79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

--------------------------------------------------------------------------------------------

~~FROM:~~
~~TO:~~
~~SUBJECT:~~
~~DATE:~~                                                                3/20/24

*This is a letter to the Judge. (Strike it from the record after reading it).*

Judge Aennle-Rocha,

   If I am going to go to jail for the next three to five years, at least let it be for the truth. I just want to win or lose on the truth.

Jonathan Lipman

Jonathan Lipman  79509-510
Metropolitan Detention Center Los Angeles
P.O. Box 531500
Los Angeles CA 90053

LOS ANGELES CA  900
21 MAR 2024  PM 11 L



Fernando L Aenn le-Rocha
1st Street Courthouse
350 W  1st Street
Courtroom 6B 6th FLOOR
LOS ANGELES CA 90012

cr
Intake

RECEIVED
CLERK, U.S. DISTRICT COURT

MAR 25 2020

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

90012-456424