1 AR

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

2:23-cr-00491-FLA





FILED
CLERK, U.S. DISTRICT COURT

MAR 22 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

[2:23-cr-00491-FLA]

Request for Administrative Remedy ("Informal Resolution")

\*I have been requesting remedy and issuing complaints about Metropolitan Detention Centers Conditions and violations of Rights and Due Process since October 5, 2023. No guard, Unit manager, Captain, Lieutenant, or Counselor informed me of this form or process. I only found a copy in the law library copy machine on March 16, 2024*

[NOTICE TO INMATE: Be Advised that before filing a request for Administrative Remedy form BP-229 (except as provided in 542.13(b)), you shall attempt to informally resolve your complaint through Correctional Counselor. Briefly state the complaint below and list what efforts you have made to resolve your complaint informally. State the names of staff contacted.]

Date issued: 3/18/24
Date returned to counselor: 3/19/24
Inmate's Name: Jonathan Lipman
Reg. No: 79509-510

1. INMATE'S COMMENTS: Metropolitan Detention Center Los Angeles has and continues to violate my due process, first amendment rights, sixth amendment rights, eighth amendment rights, fourteenth amendment rights, the Americans with Disability's Act, has defamed my character with false accusations, has responded to my complaints and attempts to exercise first amendment rights with intimidation and retaliations, and is potentially violating criminal statute 18 U.S.C. 241 and 18 U.S.C. 242 with its conduct and violations of my constitutional rights.

2. EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE: I wrote many copouts to warden, unit manager, and captain starting in late September 2023. I spoke to psychology starting in Late October. I informed trust fund through copout and spoke to trust fund supervisor in person in mid december 2023 through January 2024. I informed "attorney" by copout January 26, 2024. I informed Counselor Morales January 27, 2024. I informed Unit Manager Musgray by February 1, 2024 and numerous times after, and also complained about numerous issues in "Townhalls" much earlier than that. I informed Education Supervisor Chavez February 7, 2024. I served the psychology department with a writ of ha'beas cor'pus ad subjiciendum on February 9, 2024 regarding deprivations of my liberties and constitutional rights. I Informed Lieutenant Velazquez and another Lieutenant on February 9, 2024 when I was called to their office and threatened with the Solitary Housing unit for going on an 8 hour hunger strike that day. I attempted to give Captain Sieja of this writ of Ha'beas Cor'pus on February 10, 2024, who threatened me with the solitary housing unit if I declared my first amendment and religious right to a hunger strike again. I informed the Warden of issues and writ of ha'beas cor'pus on February 8, and received a response by email to "contact unit team" on February 15, 2024. I informed Case Manager Shu by February 22, 2024.

 The detention center has responded by threatening and intimidating me with the Solitary Housing Unit, threatening my indefinite nudity and light torture in the observation room, refusing to give me a pencil or paper for over a month, its entirely possible the detention center tried to set me up by having a guard or inmate put pills in my bed that didnt belong to me in late October [ask psychology if they covered that up], I went on a 9 day hunger strike in September, three 5 day hunger strikes in October, and two 4 day hunger strikes in november, two days after I went on a 1 day hunger strike in protest of a lockdown restricting my constitutional rights on February 9, 2024, psychology accused me and defamed me with a ridiculous allegation that I propositioned a roommate sexually or something, leading me to be moved to a different unit that went on lockdown 15 of the next 30 days limiting my access further [see my past history and you will find how ridiculous this allegation was; I dont know the actual allegation because other prison staff said they thought thought the allegation was so ridiculous that there was no investigation into the allegation], and when I got a typewriter and started using the classroom in this unit that has an electrical outlet for the typewriter to plug into that had no lock to work on my case, the detention center put a lock on the door and Unit Manager Musgray said this normal sized classroom was only for legal calls and he wouldnt unlock it [nobdy has seen a legal phone call be made in this room in months - the detention center wouldnt even tell me where to make a legal phone call for months when I asked].

 So how did the detention center respond for request for administrative remedy? It attempted to trigger PTSD I told the detention center I had immediately upon being detained in it with numerous targeted searches of my room that most other detainees never received with such frequency, with intimidation and threats of 24 hour lockdowns in the Solitary Housing unit, with false allegations, and everything else the detention center could use to attempt to deter these constitutional requests.

2 AR
2023-cr-00491-FLA

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

---

3. Names of staff you contacted: Musgray, Silva, Morales, Shu, Sieja, Gonzalez, Shelton, Velasquez, Chavez (attempted remedy), "Trust fund Supervisor", "Attorney"; guards not in administrative position.

******************************************************************************************************************

*

STAFF USE ONLY

Steps Taken to Resolve Complaint:

_____
_____
_____
_____

Conclusion:

_____
_____
_____
_____

Counselor
_____

Date:
_____

Unit Managers Comments:

_____
_____
_____
_____

Date:
_____

Distribution: If a complaint is not informally resolved-Forward this original form attached to a BP-9 to the Administrative remedy clerk
Date BP-9 Issued:
_____

1CO

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

---

[EMAIL TO DETENTION CENTER]    2:23-cr-00491-FLA

FROM: 79509510
TO: Attorney
SUBJECT: ***Request to Staff*** LIPMAN, JONATHAN, Reg# 79509510, LOS-H-S
DATE: 01/26/2024 06:31:21 PM

*Regarding court "Order"
to Metropolitan Detention
Center Los Angeles*

To: FBOB
Inmate Work Assignment: none

Today I had a court hearing that determined I would be representing myself pro se. I was given the email address of Clifford Mpare clifford.mpare@usdoj.gov. I attempted to enter this email address and phone number into my contacts but I am being told the email domain is permanently blocked. I need to be able to contact the email and phone number of the US attoreny from this prison detention center.

I also need to discuss the conditions of this detention center impeding my trial rights. These include but are not limited to the broken copy machine in the law library, the lack of access to the law library, the cost of printing documents, the lack of access to microsoft word, access to a laptop, access to certified mail, making private legal phone calls, access to envelopes and stamps, expedited shipping and mail, sleeping conditions, access to a quiet room as the law library is noisey due to comissary and other issues. Ideally I needed to spend my every waking hour in some sort of legal safe room.

These issues need to be discussed ASAP. I will be motioning for the judge to order this detention center to do certain things and I am prepared to go on an indefinite hunger strike if these 6th amendment violations continue. But I would much prefer to negotiate.

Feel free to check the record and see the judge determined me competent, ruled I am now my attorney pro se, and I am entitled to special access as a pro se attorney.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

2 CO

FROM: Warden
TO: 79509510
SUBJECT: RE:***Inmate to Staff Message***
DATE: 02/15/2024 08:47:02 AM

223-cr-00491-FLA
*Regarding Court "Order"
to Metropolitan Detention
Center Los Angeles*

Mr. Lipman, please see your Unit Team for any questions or concerns. Thank you.

---

From: ~^! LIPMAN, ~^!JONATHAN <79509510@inmatemessage.com>
Sent: Thursday, February 8, 2024 6:59 PM
Subject: ***Request to Staff*** LIPMAN, JONATHAN, Reg# 79509510, LOS-I-N

To: FBOB
Inmate Work Assignment: none

I dont take anything personally but given the captain and unit manager lied about my rights to a hunger strike, their right to force feed me, and that the move from units for a remodel wouldnt lead to a 20 hour a day lockdown, I dont trust anything this detention center staff says or does.
I have a right to the same defense as any other detainee; whether they have millions of dollars for an attorney, end up with a competent public defender, or are forced to defend themselves from a detention center the U.S. government has clearly designed to make it as difficult as possible for a detainee to win a case because they got a public defender that would rather take a half day than see her other clients.
I dont hold any grudges toward any particular prison staff member. I have family who were or are in corrections so I know how often the government forces corrections and its officers to clean up the governments messes and failures of due process of law. But I also dont believe anything the guards say they will do. Ive been here long enough to the detriment of my defense and in violation of my sixth amendment rights to know better than to trust any claims of detention staff to uphold my rights.
I do what I think is right for myself and the many voiceless others inside these walls. I have a writ of Ha'beas Cor'pus ad Subjicien'dum regarding this detention centers violations of my 1st, 6th, and 8th amendment rights. My sixth amendment rights and needs are as follows:

1. 40 hours of access per week to law library and a private working room with table for discovery and other legal papers for review
-The average work week like any other attorney
2. Laptop with microsoft word and access to printing
-I have a right to work in my cell; a typewriter would be too noisy and unfair to cell mate
-the shared computer email program as a document processor bankrupted me; this detention centers rights violating conditions now limit me to 20 minutes on the computer every two hours
3. Access to copy machine everyday
-I don't care which one as long as it is confidential
4. Phonebook/Internet to find a private investigator
-I will be asking the court to grant me legal fund to pay for one
5. Phonebook/Internet search to hire paralegal
- I will be asking the court to grant me legal fund the government pays to itself the public defender to pay for one
6. Private Phone calls scheduled the day of need
-detention grants it to no one so there isnt a waiting line
-I need it to speak to this theoretical private investigator and paralegal the day of or morning after I have a thought of trial strategy
7. Access to stamps as needed and not on commissary schedule
-commissary is often out of stock even though they are the government and only deliver 20 a week when in stock
-I will be seeking legal grant to pay for it
8. Access to envelopes as needed and not on commissary schedule since they only provide 3 a week when in stock
-I will be seeking legal grant to pay for it
9. Same day certified mail
Weekly reports to Judge Aennle-Rocha and U.S. Attorney's Office regarding this detention center upholding constitutional rights
10. No more lockdowns
-"Lengthy exposure to these conditions has a destructive effect on human character" (U.S. Supreme Court: Barker v Wingo, 1973)
-Violating my sixth amendment right and ability to defend myself in trial
11. The prison liason with the marshall service to arrange my right to have pen, paper and legal documents in holding cell at

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

360
2:23-cr-00491-FLA

---

MDC and in the marshall holding cell before every hearing I am at court.
12. Paper and pen without order from commissary
-I will be asking for legal grant to pay for it
13. Access to email and youtube during law library hours to review discovery
-can be monitored
-will ask the same from the court.
14. Eye mask
-So that my sleep needed to exercise my sixth amendment rights to my fullest abilities is no longer interrupted by flashlights
-My legal fund can pay for it
-2 hours of sleep a night limits my god given and natural abilities to exercise these rights
15. Ear plugs
-So that my sleep needed to exercise my sixth amendment rights to my fullest abilities is no longer interrupted by snoring or loud guards
-My legal fund can pay for it
-2 hours of sleep a night limits my god given and natural abilities to exercise these rights
16. A medical bed 2 weeks before trial and during trial so that I dont wake up every 2 hours to prevent myself from falling out of the tiny bed in the cells
17. Either a private cell or a cellmate that doesnt snore or move much between 9PM and 5AM five days before my trial and during my trial
18. Access to a diet low on sugar and carbs: oatmeal, almonds, peanut butter, wheat bed, rice, beans, tortilla, jalapenos; 3 weeks before trial

*there may be more requests when they come to mind or need*

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

1E

FROM: 79509510
TO: Lipman, Marc
SUBJECT: evidence issues
DATE: ~~~~~~~ 11:51:51 AM

2:23-cr-00491-FLA
*Submitted in Mail; 3/19/24
(rewritten 2 slightly and corrected)*

2:23-cr-00491-FLA

Evidence issues

Defendant objects to Federal Bureau of Investigation and Agent Tomes recording of interview of defendant Lipman as a violation of the fourth amendment and fifth amendment, Rule 402 (violation of U.S. Constitution), Rule 401 and 403 as it misleads the issues, confuses the jury, and lacks appropriate relevance. This video was illegally recorded as the sound quality demonstrates. It must have been recorded in Agent Tomes pocket. Defendant was not read a Miranda warning or aware they were being interrogated or recorded. The recording was made surreptitiously and in violation of California law which is clear that recordings cannot be made without permission unless a crime is being committed, not a crime was potentially committed. The search warrant grants no power to record defendant secretly.

Defendant issues a blanket fourth and fifth amendment objection to all government exhibits and evidence. Defendant issues a blanket rule 401, 402, and 403 objection to all evidence and exhibits. The only reason the government knows email address Jlipman52@gmail.com belongs to Jonathan Lipman is because the state of New Jersey and Los Angeles Police Department violated defendants first, fourth, and fifth amendment rights with repeated welfare checks for two years of defendants apartment that the 9th circuits ruling in U.S. v Murphy 2008 regarding police continually operating on a premise against the permission of a resident is illegal. Defendant through these welfare checks was coerced into taking part in virtual trials in New Jersey with these email addresses under the threat and duress of continued welfare checks or visits by the LAPD on the state of New Jerseys behalf. Defendant had to use email address to take part in these virtual trials under threat of continued unconstitutional contact by the LAPD. The LAPD was illegally entering defendants property, literally opening their front door without permission in the middle of the night, using first amendment protected speech to justify this breaking and entering on behalf of these same New Jersey governments forcing these virtual trials. Defendant was coerced into using their email address to take part in court hearings in NEw Jersey that violated first, fourth, and sixth amendment rights, jurisdiction, and due process.

Defendant objects to all evidence and exhibits of email under this evidence's violation of the first amendment precedent that the whole record must be shared rather than an incomplete record of selected evidence by the government. Defendant objects on rule 401(b). Defendant Objects on rule 402 because this evidence as crime violates defendants first amendment right, part of the U.S. constitution and the evidence was illegally collected by police departments in violation criminal statutes 18 U.S.C. 241 and 18 U.S.C. 242.

Defendant objects to all exhibits and evidence due to their incompleteness in violation of Rule 402 (U.S. Constitution amendment 1) and rule 403 as the value of the incomplete evidence is substantially outweighed by the tendency to mislead the jury and confuse the jury regarding the intent element vital to finding a defendant guilty of 18 U.S.C. 2261A.

Defendant objects to FBI's interview of him, which was illegally recorded without Miranda warning or defendants knowledge on fourth and fifth amendment grounds. FBI had no right to record without knowledge defendant. This violates due process and the constitution and rule 401, 402 and 403.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-F-S

1 PTI

2:23-cr-00491-FLA

---

2:23-cr-00491-FLA

Issues from pretrial hearing on March 15 relating to dismissal and lack of due process district court failed to address tocompletion:

1). The federal government Attorneys Office indictment of defendant is improper as defendant mentioned in original motion to dismiss. The district court finally addressed one of the many claims of improper application of statute 2216A on Jonathan Lipman. The Attorneys Office charged Jonathan Lipman with 2261A(2)(A) and 2261A(2)(B), a violation of how the statute and law is supposed to work. The government admitted to the court that they intentionally charged defendant with both part (A) and (B) of the statute to allow the jury to choose which part of the statute applies to defendants conduct. The Attorneys office is supposed to have the evidence to decide which part of the statute applies to defendants alleged conduct. Since there is no evidence of fear or emotional distress its been left up to the jury to make that determination for the attorneys office. Attorneys Office chose both parts of the statute because they lack probable cause of the statutory elements.
  "The court should not consider evidence not appearing on the indictment" (U.S. v Jensen 9th cir 1996). "The district court is bound to the four corners of the indictment" (U.S. v Boren 9th cir 2002). The defendant stated in their motion to dismiss that the government has failed to "set forth each element of the crime it charges" (Almendarez-Torres v U.S. 1998) and the district court agreed in the most recent hearing. The government admitted that the indictment fails federal "Rule of Criminal procedure 7(c)(1) which provides that an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.
  The government has not only failed federal rule of criminal procedure 7(c)(1) or to state the elements of the crime. The governments indictment states no fact of intent and no fact of fear or emotional distress. Just words for the jury to presume. The government clearly intended to manipulate a jury's sympathies and biases with words to find the defendant guilty of the statute without being sure which statute part they were charging because of the once again, lack of evidence. This is a clear violation of the first amendment.
  This is not how criminal statutes or indictments are supposed to work. The government is supposed to before indictment have facts. In this particular case it is supposed to have evidence defendant had intent, and caused substantial emotional distress OR Fear of Bodily harm or Death. Then charge the correct part.
  The government as defendant states over and over again, presents nothing that demonstrates either element as fact. The indictment should have been dismissed and defendant released, but this failed indictment is allowed to continue, and judge literally offered the attorneys office the advice they should supersede the indictment and pick one. Attorneys office charged both and claimed both in their indictment: fear of bodily harm AND emotional distress. The government should have to prove both, not one.
  How is this superseding indictment supposed to work? Defendant gets reindicted 2 weeks before trial after 6 months of being held in detention on an improper indictment that violates numerous court opinions of how an indictment is supposed to work and numerous constitutional rights? Is the attorneys office going to call another grand jury and admit they have no probable cause of the intent element and no evidence of either the A(2)(A) fear of bodily harm or death element; or A(2)(B) substantial emotional distress element? Is the attorneys office going to get away with their failure to present any proof of defendants intent to this jury or alleged victims fear or distress for the second time? Is the Attorney's Office going to use words as the crime again to invoke the jury's sympathies and biases without any proof these elements have statutory probable cause? See U.S. v Infante 2010 and U.S. v Yung 2022 for what a constitutional problem this is.

2.) The governments attempt to manipulate the definition and application of the reasonable person standard is further demonstrated with the governments subversions of a proper indictment by their attempt to charge defendant with both 2261A(2)(A) and (2)(B). 2261A(2)(A) "places a person in a reasonable fear of death or bodily injury"; and 2261A(2)(B) "causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress". This statute that proscribes "intent to kill, injure, harass or intimidate" is for the most part guided by the reasonable person standard, especially as the government attempts to apply the indictment to this statute.
  The only means a reasonable person standard does not apply to 2261A(2)(A) is when the defendant has the intent to kill or injure which the government makes no claims to because the government has no proof of anything, only defendants words protected by the first amendment. The means by which part (B) would not be prosecuted under a reasonable person standard, is if government had proof defendant caused substantial emotional distress outside of the spoken claims of alleged victim or a therapist. This emotional distress proof would still as mentioned in the motion to dismiss raise serious constitutional problems. Once again See U.S. v Yung 2022 and U.S. v Infante 2010. But it would fulfill at least some of the evidentiary needs of an

indictment

The reasonable person standard applies to every part of 2261A(2)(A) or 2261A(2)(B) that does not involve the intent to kill or injure and is not proven by actual evidence of substantial emotional distress of the alleged victim like no longer going to work or moving to a different neighborhood or some sort of material fact outside of their testimony. The governments indictment doesnt even present any spoken claims by the alleged victim. Once again it just shares words from defendant to invoke a jury's sympathies.

Forgetting the intent element completely left out of indictment or discovery, the facts of the results of the defendants conduct like intent, are completely reliant on the jury to reason whether or not words would cause fear of bodily harm or death or substantial emotional distress. That is the definition of the "reasonable person standard". The government and district court can attempt to manipulate syntax and statutory intent by claiming the statute doesnt function on the reasonable person standard because the phrase "reasonable person" is not in the statutes language, but using the phrase is not what defines the standard. Its the persons on the jury reasoning what is a reasonable result from speech rather than deciding it based on material evidence that renders it a reasonable person standard.

The fact the district court is offering the opportunity to reindict defendant after 6 months of being held unconstitutionally and improperly on an improper indictment attempting to manipulate a jury, demonstrates disturbing bias by district. The issue is still second to the major issue of this indictments proscription violating the first amendment, but it certainly violates due process and federal rules of criminal procedure too.

3) The federal government district court and attorneys office, after months of defendant pro-se sharing details of the issues of their detention and self representation from the detention center, finally decided to issue an order to the federal government bureau of prisons to deal with issues of violations of sixth, eighth, and fourteenth amendment rights. This order will be submitted to district court for review allegedly on March 22, 2024. The quickest this order could be fulfilled, albeit incredibly unlikely, is March 25, 2024. Given the trial is now scheduled to start April 2, 2024, at best the defendants sixth amendment, eighth amendment and fourteenth amendment constitutional rights will be upheld for one week after exactly six months of these constitutional rights being violated and subverted pretrial to the detriment of defendants fair trial.

(i) Defendant raised issues impacting their pro-se status and exercise of defendants sixth amendment rights to federal government through public defender by october 10, 2023. Documents were submitted to district regarding violations of these rights on December 5, 2023. More documents were submitted throughout the month of december to district court and struck from the record under claims defendant was not the "Attorney of record" or local rule 8:25: no letters to the judge.

Defendant raised these issues of defense pro se and sixth, eighth and fourteenth amendment rights in 2 hearings before the district court on January 26, 2024; during the first "faretta" Pro-se hearing, and during the second "faretta" hearing called to redo a portion of the hearing per the Attorney's office request on January 30. Defendant was given the Attorneys Office phone number, address, and email to attempt to remedy or get minor relief of these issues on January 30. The attorneys office ignored defendant until three weeks before trial when judge allegedly ordered defendant and attorneys office to meet.

Defendant continued to send documents explaining and detailing these detention issues to district court throughout the month of february including the writ of habeas corpus ad subjiciendum given to the detention center and emails sent to detention attorney and warden. These attempts to detail issues with detention restricting defendants pro se rights were stricken from the record.

Defendant informed multiple Detention Center management staff of pro-se status. They informed "Attorney" on January 26, Counselor Morales was informed January 27, Unit Manager Musgray was informed no later than February 1, 2024, Trust fund supervisor was informed through email on February 7, 2024, the psychology department was informed on February 9, 2024, Lieutenant Velasquez was informed February 9, Captain Sieja was informed February 10, the warden responded to an email sent February 8 on February 15, and Case manager Shu was informed no later than February 22, 2024.

Defendants Pro-se needs and sixth amendment rights were only further restricted once they made these requests and informed the detention center of their needs. Defendant was moved from a smaller unit with less distractions, more access to computer and less violations of sixth, eighth, and fourteenth amendment rights to a different unit with more people and less access. Defendants unit was placed in a lockdown for about 15 of 30 days before the pretrial hearing. Defendants law library time was removed by multiple lockdowns. When defendant received a typewriter and found the classroom in the unit with an outlet in it and a quiet space to work, the detention center put a lock on the door.

Defendant complained about 6th am. rights being restricted for 6 months. Now a week before trial the government and district court are attempting to remedy those pro-se rights. It seems like the government is attempting to manipulate the defendant into asking for a continuance that makes governments violation of speedy trial rights moot.

Its too late. Defendant has already been denied a fair trial and the impact of detention and failure to uphold sixth amendment right has had a tremendous impact on defendants mental and emotional health to the violation of the eighth and fourteenth amendment rights needed to conduct trial, fully.

4) Federal government district court refused to remedy or address objections to evidence. This is not how trial is supposed to work. The very nature of objections biases a jury. Anytime the defendant objects to Attorneys offices incomplete evidence and selective presentation of evidence showing incomplete emails or only some emails will bias and invoke the jury's sympathies, especially considering government intends to hide emails of defendant saying they are exercising their first amendment rights

or threatening nothing. This is a first amendment violation. The court is either deliberately or incompetently putting their thumb on the scales of justice with having these evidentiary objections be addressed only in front of the jury.

The districts refusal or inability to hear evidence objections has tainted this trial further. How is this process supposed to work? Attorneys offices projects an exhibit for the jury to see and then defendant objects after they see it? Attorney starts playing an excerpt of audio and then defense objects after jury hears it?

The defense had a right to object to many things pretrial like the fact FBI agent tomes recorded an interrogation/interview surreptitiously without defendants knowledge or permission. Defendant has been rendered by detention unable to hear it in full but has no recollection of permitting its recording.

1 P

2:23-cr-00491-fLA

Objection to paralegal or standby attorney being known to jury

Unless paralegal is setting up a video of the youtube videos of defendant speaking to law enforcement or government employees, ~~or their legal counsel~~, defendant objects to anyone sitting at the defense table except defendant.

Defendant objects to any knowledge of jury that government appointed a defense counsel on standby. Defendant objects to paralegal being known until they set up any videos from youtube.

Two weeks before trial defendant has yet to meet paralegal chosen by standby counsel rather than assigned by court. Defense thinks its unllikely at this late point in time that paralegal will have any use in court.

Defense once again objects and motions for any and all mention of standby counsel or paralegal or any other form of assistance being brought to the jury's attention. Defense motions to court that being alone in this matter is a valid trial strategy that cannot be interfered with. It is the truth and the knowledge of a standby counsel that has at best acted as a paralegal to submit motions to the court, because detention prevented it, is not a good reason to have them ask defendant questions or be present and known to the jury.

Defendant objects to standby counsel asking defendant questions on the stand. Defendant objects to paralegal sitting at defense table. Defense motions that defendant is only known legal counsel, advisor, or aid, unless a video needs to be played, at which point jury can assume they are anybody. The truth is defense/defendant had to defend themselves alone.