UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN LIPMAN,<br><br>Defendant. | Case No. 2:23-cr-00491-FLA<br><br>**ORDER REGARDING DEFENDANT'S COMPETENCY EVALUATION AND APPOINTING COUNSEL** |

**ORDER**

On March 25, 2024, the court held an in-camera hearing with pro se defendant Jonathan Lipman ("defendant") and his appointed standby counsel, Joel C. Koury, pursuant to 18 U.S.C. §§ 4241 and 4247. After the hearing and discussions with the parties and counsel, the court found reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, or to continue representing himself in pro se, and ordered that a psychiatric or psychological examination of the defendant be conducted.

///

///

Therefore, for good cause shown, it is ORDERED that:

1. A psychiatric or psychological examination of the defendant be conducted by Dr. Betty Jo Freeman, Ph.D., pursuant to 18 U.S.C. §§ 4241 and 4247(b) to determine whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, or to continue representing himself in pro se.

2. Dr. Freeman shall file with the court and provide copies to counsel for the defendant and the government, a report of that examination, consistent with the requirements of 18 U.S.C. §§ 4241 and 4247(c).

3. Dr. Freeman's report shall be filed and served as soon as reasonably practicable, and by no later than May 6, 2024, absent a showing of good cause, including possible delays in obtaining necessary medical records.

4. A hearing to determine the defendant's mental competency, pursuant to 18 U.S.C. § 4247(d), shall be scheduled promptly upon receipt of the examination report by the court and counsel for the parties.

5. Pursuant to 18 U.S.C. § 4247(d), the court appoints Joel C. Koury as counsel of record for defendant for all purposes and revokes defendant's pro se status pending determination of the defendant's competency to stand trial, to assist properly in his defense, or to continue representing himself in pro se. *See United States v. Kowalczyk*, 805 F.3d 847, 857 (9th Cir. 2015) (holding that 18 U.S.C. § 4247(d) creates a non-waivable right to counsel during competency proceedings and "a person whose competence to stand trial [is] in question … [cannot] legally waive his right to counsel") (relying on *United States v. Ross*, 703 F.3d 856, 871 (6th Cir. 2012) ("[T]he Constitution requires a defendant to be represented by counsel at his own competency hearing, even if he has previously made a knowing and voluntary waiver of counsel.")).

6. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, within which trial for the defendant must commence, the court finds and

determines that the period of delay resulting from any proceeding to determine the mental competency of the defendant, including the examination of the defendant, is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A).  The court also finds that the period of delay commencing from March 25, 2024, until the defendant's competency determination is concluded is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), because the ends of justice served by continuing the trial date to after such competency determination outweigh the best interest of the public and the defendant in a speedy trial.

      7.      The court defers ruling on the following motions pending determination of whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, to assist properly in his defense, or to continue representing himself in pro se:

- Defendant's Motion to Dismiss Indictment [Dkt. 59];
- Defendant's Motion to Enter Documents Into the Record [Dkt. 63];
- Defendant's Motion for Immediate Proceedings in Pauperis Formis [Dkt. 64];
- Defendant's Motion to Read Document [Dkt. 65];
- Defendant's Motion to Add Documents to the Record [Dkt. 73];
- Defendant's Motion for Request for Conference [Dkt. 74];
- Defendant's Motion for District Judge to Read Motions in Full [Dkt. 79];
- Defendant's Motion for Stay Detention/Remand Pending Appeal Rulings [Dkt. 84];
- Defendant's Motion in Limine to Introduce Trial Schedule and Testimony [Dkt. 89];
- Defendant's Motion to Add These Documents to the Record [Dkt. 93];
- Defendant's Motion to Add to the Record/Failure to Clear/Permit Paralegal [Dkt. 96];

- Defendant's Motion to Order Paralegal [Dkt. 98];
- Defendant's Request for Administrative Remedy ("Informal Resolution") [Dkt. 99];
- Plaintiff the United States of America's Motion in Limine to Admit Evidence of Defendant's Relationship and Contact With Other Public Officials [Dkt. 57]; and
- Plaintiff the United States of America's Motion in Limine to Preclude Evidence, Argument, and Questioning Related to Defendant's Punishment, Conditions of Incarceration, and Other Irrelevant and Prejudicial Topics [Dkt. 92].

IT IS SO ORDERED.

Dated: April 4, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge