CC: PSA, USM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JONATHAN LIPMAN,<br><br>                    Defendant. | Case No. 2:23-cr-00491-FLA<br><br>**ORDER APPROVING STIPULATION REGARDING REQUEST FOR TRIAL DATE [DKT. 118]** |

**ORDER**

The court has read and considered the Stipulation Regarding Request for Trial Date ("Stipulation") filed by Plaintiff the United States of America (the "government") and defendant Jonathan Lipman's ("defendant") counsel, Joel Koury ("Mr. Koury"), in this matter on July 29, 2024.  Dkt. 118.  Defendant objects to the Stipulation.

The court hereby finds that the Stipulation, which the court incorporates by reference into this Order, along with the statements made by Mr. Koury during the competency hearing held on July 24, 2024, demonstrate facts that support setting a trial date in this action, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

Consistent with the psychological assessment prepared by Dr. Freeman, the court has found defendant is not competent to represent himself, but is competent to stand trial.  Dkt. 119.  Mr. Koury has established he is unavailable for trial before December 2024, due to a previously scheduled murder trial pending in the Los Angeles County Superior Court that is estimated to last from August to November 2024, which will prevent him from being able to prepare effectively for trial in the instant matter.  Mr. Koury has further established he requires additional time to confer with the defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event a pretrial resolution does not occur.  Mr. Koury further represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Furthermore, while representing himself, defendant filed multiple motions and requests (Dkts. 59, 63, 64, 65, 73, 74, 79, 84, 89, 93, 96, 98, 99, 116) that remain pending.  Mr. Koury has established he requires additional time to evaluate these motions and requests, and determine whether to proceed with them as filed, withdraw them in whole or in part, and/or file amended or new motions in their stead.

Accordingly, the court finds that failure to grant the requested trial date would likely make a continuation of the proceedings impossible or result in a miscarriage of justice, would deny defendant continuity of counsel, and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The court further finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(7)(A).

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is set for December 10, 2024, at 8:15 a.m.

2. The pretrial conference is set for November 22, 2024, at 10:30 a.m.

3. The time period of March 25, 2024, to July 24, 2024, inclusive, is excluded in computing the time within which the trial must commence as necessary delay resulting from a proceeding, including examination, to determine the mental competency of the defendant, pursuant to 18 U.S.C. § 3161(h)(1)(A).

4. The time period of July 24, 2024, to December 10, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

6. Defendant's objection to the Stipulation is overruled.

IT IS SO ORDERED.

July 30, 2024
DATE

FERNANDO AENLLE-ROCHA
United States District Judge