UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JONATHAN LIPMAN,<br><br>                    Defendant. | Case No. 2:23-cr-00491-FLA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUBPOENAS [DKT. 59]** |

## RULING

Before the court is defendant Jonathan Lipman's ("defendant" or "Lipman") subpoenas and requests for orders for third parties to produce documents ("Motion"). Dkt. 59 at 62, 64, 66, 68, 70, 72, 74, 76, 78, 84, 88, 90.[1]  Defendant's Motion came to hearing on March 15, 2024.  Dkt. 85.

For the reasons stated, the court DENIES the Motion in its entirety.

/ / /

/ / /

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers listed on documents natively.

1

**DISCUSSION**

Defendant seeks to subpoena the following non-parties and requests the court order them to produce documents, records, investigatory findings, audio, video, interview notes, and other materials: (1) the Lacey Township School District; (2) the Lacey Township Police Department; (3) Oceanport Borough, New Jersey; (4) the Ocean County Superior Court; (5) the Los Angeles Police Department; (6) the Los Angeles Downtown Medical Center; (7) the Los Angeles County Superior Court; (8) the Federal Public Defender's Office;[2] (9) the United States Attorney's Office; (10) the United States Probation and Pretrial Services Office; and (11) the Federal Bureau of Prisons.  Dkt. 59 at 62, 64, 66, 68, 70, 72, 74, 76, 78, 84, 88.  Defendant contends the documents and materials requested are relevant to the Motion to Reconsider and Stay Detention (collectively, defendant's "Second Motion for Pretrial Release," Dkt. 59 at 44–57), filed February 8, 2024.

Although Defendant does not identify the legal basis for his requests, these requests appear to be brought pursuant to Fed. R. Crim. P. 17(c) ("Rule 17(c)"), which states in relevant part:

> (1) *In General.*  A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

/ / /

---

[2] Defendant waives attorney-client privilege between himself and the Federal Public Defender's Office "on issues of Pretrial strategy and discussions of pretrial strategy, discussions regarding filing of motions, discussions regarding moving trial dates, discussions regarding conditions of defendants detention, defendants complaints regarding Public Defenders council, and any other technical discussions."  Dkt. 59 at 90 (errors in original).  While defendant characterized his waiver as a "motion," the court notes defendant does not require court approval to waive privileges.

2

"[T]o require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699–700 (1974), *superseded by statute on other grounds as stated in Bourjaily v. United States*, 483 U.S. 171, 177 (1987).

A review of the Motion establishes defendant seeks the documents and other materials requested, solely in connection with his Second Motion for Pretrial Release and his challenge to his pretrial detention and not for any purpose related to trial. *See* Dkt. 59 at 62, 64, 66, 68, 70, 72, 74, 76, 78, 84, 88, 90. Defendant does not cite any legal authority for the proposition that a defendant may obtain discovery under Rule 17 to challenge his pretrial detention. *See id.* The court, therefore, finds the documents requested are not relevant to this action and that defendant's requests are not properly the subject of subpoenas issued under Rule 17(c).

## CONCLUSION

Accordingly, the court DENIES the Motion in its entirety.

IT IS SO ORDERED.

Dated: September 4, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3