BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
     1200/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4962/0813
     Facsimile: (213) 894-0141
     E-mail:    clifford.mpare@usdoj.gov
                daniel.weiner@usodj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JONATHAN LIPMAN,<br><br>          Defendant. | No. 2:23-CR-00491-FLA<br><br>GOVERNMENT'S STATEMENT REGARDING PREVIOUSLY FILED MOTIONS IN LIMINE<br><br>**Trial Date:**  May 13, 2025<br>**Final Pretrial Conference:**<br>May 1, 2025 |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Clifford D. Mpare and Daniel H. Weiner, hereby files this statement regarding the government's previously filed motions in limine.

//

//

//

1    This statement is based on the attached memorandum, the files
2  and records in this case, and such further evidence and argument as
3  the Court may permit.

4  Dated: April 2, 2025            Respectfully submitted,

5                                  BILAL A. ESSAYLI
                                   United States Attorney
6
                                   LINDSEY GREER DOTSON
7                                  Assistant United States Attorney
                                   Chief, Criminal Division
8

9                                       /s/
                                   ─────────────────────────────
                                   CLIFFORD D. MPARE
10                                 DANIEL H. WEINER
                                   Assistant United States Attorneys
11
                                   Attorneys for Plaintiff
12                                 UNITED STATES OF AMERICA

**I.      STATEMENT REGARDING PREVIOUSLY FILED MOTIONS IN LIMINE**

Trial in this matter is currently set for May 13, 2025.  The final pretrial conference is scheduled for May 1, 2025.  The cutoff date for motions is April 3, 2025.  No further continuances are expected.

On February 28, 2025, the Court directed the government to notify the Court whether the government intended to withdraw or amend any of its pending motions in limine.

The government previously[1] filed the motions described below:

1. First Motion in limine to Admit Evidence of Defendant's Relationship and Contact With Other Public Officials (Dkt. 57);
    a. Supplement to First Motion in limine to Admit Evidence of Defendant's Relationship and Contact With Other Public Officials (Dkt. 91); and
2. Second Motion in limine to Exclude Evidence Relating to Any Alleged Abuse Suffered by Defendant During His Childhood and Jury Nullification Arguments (Dkt. 58);
3. Third Motion in limine to Preclude Evidence, Argument, and Questioning Related to Defendant's Punishment, Conditions of Incarceration, and other Irrelevant and Prejudicial Topics (Dkt. 92).

---

[1] Trial was previously scheduled to proceed on April 2, 2024.  The Court continued the trial date so that defendant could be evaluated to determine his competency to stand trial and to proceed pro se.  Defendant has since been deemed competent to stand trial but not to represent himself.  Defendant has been represented by his present counsel since November 12, 2024.

1

The government respectfully requests that the Court rule on each of the motions described. Regarding the government's Third Motion in limine (Dkt. 92), the government notes that its motion was based on a pro se document filed by defendant in March 2024. Although defendant is now represented by counsel, the government maintains its request that the Court rule on this motion to preclude these inflammatory and irrelevant topics at trial, whether through defense counsel argument or defendant's testimony at trial (if any).