**DANIEL R. PERLMAN (CAL. BAR NO. 236278)**
**DANIEL PERLMAN LAW**
3500 W. OLIVE AVENUE, 3RD FLOOR
BURBANK, CA  90105
PHONE: 818-383-6692
DANIEL@DANIELPERLMANLAW.COM

**MARK A. MCBRIDE (CAL. BAR. NO. 226684)**
**LAW OFFICES OF MARK MCBRIDE, P.C.**
CERTIFIED CRIMINAL LAW SPECIALIST (CBLS)
468 N. CAMDEN DRIVE, STE. 225
BEVERLY HILLS, CA  90210
PHONE: 310-880-7120
MCBRIDELAW@GMAIL.COM

*Attorneys for Defendant*
*JONATHAN LIPMAN*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>JONATHAN LIPMAN,<br><br>DEFENDANT. | Case No. 2:23-cr-00491-FLA<br><br>**DEFENDANT LIPMAN'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINI* NUMBERED 57/91, 58, and 92; MEMORANDUM IN SUPPORT**<br><br>Final Pretrial Conf. Date: May 1, 2025<br><br>Trial Date: May 13, 2025 |

TO THE COURT AND ASSISTANT UNITED STATES ATTORNEYS CLIFFORD MPARE AND DANIEL WEINER:

Please be advised that on the 1st day of May, 2025, Defendant Jonathan Lipman, by and through counsel of record, will respond to the Government's previously-filed motions *in limini* as set forth in the attached Memorandum of Points and Authorities.

///

///

- 1 -

As the Court will see:

1. As to the Government's Motion *in Limine* at docket numbers 57 and 91, undersigned counsel would like to be heard substantively;

2. As to the Government's Motion *in Limine* at docket number 58, undersigned counsel will submit to the Court; and,

3. As to the Government's Motion *in Limine* at docket number 92, undersigned counsel will submit to the Court.

These responses are based on all the files and records in this case, the attached memorandum of points and authorities; and upon such other evidence as may be considered by this Court at any time prior to or during the hearing on this matter.

DATED: APRIL 2, 2025        Respectfully submitted,

DANIEL PERLMAN LAW

_____/S/_____
Daniel Perlman
Mark McBride
Attorneys for Defendant Jonathan Lipman

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## RESPONSE TO GOVERNMENT MOTION *IN LIMINE* NO. 57/91

### A. THE EVIDENCE IS *NOT* INEXTRICABLY INTERWOVEN WITH THE CHARGED CONDUCT AND FAILS RULES 401 AND 402

The Government contends that Mr. Lipman's alleged contacts with other officials (B.M., E.C., J.P., M.R.) are intrinsic to the charged threats against Judge K.R. This argument misapplies Ninth Circuit precedent. Under *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012), evidence is inextricably intertwined only if it: (a) Constitutes part of the same criminal transaction, or (b) is necessary to provide context so the jury can understand the charged conduct.

Here, the alleged prior contacts: involve different victims (B.M., E.C., J.P., M.R. vs. K.R.), timeframes (2022 vs. 2023), and contexts (varied legal proceedings). Second, this "other acts" evidence does not explain why Mr. Lipman allegedly threatened Judge K.R. or how those threats occurred. "In making admissibility decisions, the [district] court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *United States v. Vo*, 413 F.3rd 1010, 1018 (9th Cir. 2005).

The Government's reliance on *United States v. Vizcarra-Martinez*, 66 F.3d 1006, (9th Cir. 1995), is misplaced. Unlike in *Vizcarra-Martinez*, where prior acts directly explained the charged scheme, the alleged contacts here are unconnected, episodic acts that lack a "coherent and comprehensible narrative" tying them to the threats against K.R. *Vizcarra-Martinez*, *supra*, 1012-1013.

**1. The Evidence Lacks Logical Relevance Under Rules 401 and 402.**

The Government fails to show how Mr. Lipman's alleged contacts with other officials make it "more or less probable" that he threatened Judge K.R. Fed. *See* Fed. R. Evid. 401. The Government's claim that the contacts show an "escalation" is unsupported.

DEFENDANT LIPMAN'S RESPONSES TO GOVERNMENT'S MOTIONS *IN LIMINI* NUMBERED 57/91; 58; AND 92; MEMORANDUM IN SUPPORT

The alleged messages to other officials (e.g., complaints about court orders) are qualitatively distinct from the alleged threats to K.R, and whether Mr. Lipman has a pattern of such conduct or an escalating M.O. is not the purpose of the instant trial. Respectfully, the Government's proffer – "Without this evidence, the jury would not have the necessary context to understand what caused defendant to make the decisions he made and the natural flow of his conduct…" (Govt. MIL, Docket No. 57, at p. 12)  – should *not* be allowed to carry the day, let alone with several outside witnesses. *See, e.g.*, *United States v. Wells*, 879 F.3rd 900, 928-929 (9th Cir. 2018) (internal quotes omitted) ("[t]here must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)); *see also Old Chief v. United States*, 519 U.S. 172, 181 (1997) (Although ... "propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance."))

**2. The Evidence Is Inadmissible Under FRE 404(b) and Unduly Prejudicial Under FRE 403**

The proffered evidence constitutes impermissible propensity evidence under FRE 404(b). The Government's fallback argument—that the evidence is admissible under Rule 404(b) to show "motive, intent, or identity"—fails because:  (a) the Government offers no plausible link between the prior contacts and the charged conduct beyond suggesting Mr. Lipman has a "tendency" to threaten officials. *See United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999) (Rule 404(b) bars evidence used to show criminal disposition"). Secondly, the alleged contacts span 18 months and involve disparate conduct (e.g., voicemails to probation officers vs. emails to judges). *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (remoteness depends on "similarity of acts").

And even if marginally relevant, the evidence must be excluded because its prejudicial impact substantially outweighs any probative value. *See* Fed. R. Evid. 403; *United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (*en banc*). For example, the jury could conflate unrelated acts to conclude Mr. Lipman is a "dangerous person." *Old Chief*, 519 U.S. at 180 (prejudice arises when evidence invites "moral condemnation"). The

DEFENDANT LIPMAN'S RESPONSES TO GOVERNMENT'S MOTIONS *IN LIMINI* NUMBERED 57/91; 58; AND 92; MEMORANDUM IN SUPPORT

evidence is inflammatory (e.g., Holocaust comparisons) and risks a "trial by character." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

## II

## RESPONSE TO GOVERNMENT'S
## MOTION *IN LIMINE* AT DOCKET NUMBER 58

As mentioned above, undersigned counsel will submit to the Court on the Government's *in limine* request at docket number 58, and further state as follows: Undersigned have no desire to, nor will they attempt to engage in, jury nullification. As for the rest of the Government's *in limine* request, and whether or not Mr. Lipman testifies on his own behalf, undersigned counsel have no intention, save for a handful of background questions, to probe into Mr. Lipman's background, formative years, alleged abuse, and the like (let alone engage in jury nullification regardless of the evidence which goes to the jury.)

## III

## RESPONSE TO GOVERNMENT'S
## MOTION *IN LIMINE* AT DOCKET NUMBER 92

As mentioned above, undersigned counsel will submit to the Court on the Government's *in limine* request at docket number 92, and further state as follows: Undersigned counsel are experienced trial lawyers who know better than to get into punishment and things of that nature, and, without waiving privilege, we will also discuss the same concepts with our client in the event he testifies.

DATED: APRIL 2, 2025          Respectfully submitted,

                              DANIEL PERLMAN LAW


                              _____/s/_____
                              Daniel Perlman
                              Mark McBride
                              Attorneys for Defendant Jonathan Lipman