**DANIEL R. PERLMAN (CAL. BAR NO. 236278)**
**DANIEL PERLMAN LAW**
3500 W. OLIVE AVENUE, 3RD FLOOR
BURBANK, CA 90105
PHONE: 818-383-6692
DANIEL@DANIELPERLMANLAW.COM

**MARK A. MCBRIDE (CAL. BAR. NO. 226684)**
**LAW OFFICES OF MARK MCBRIDE, P.C.**
CERTIFIED CRIMINAL LAW SPECIALIST (CBLS)
468 N. CAMDEN DRIVE, STE. 225
BEVERLY HILLS, CA 90210
PHONE: 310-880-7120
MCBRIDELAW@GMAIL.COM

*Attorneys for Defendant*
*JONATHAN LIPMAN*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> JONATHAN LIPMAN, <br><br> DEFENDANT. | Case No. 2:23-cr-00491-FLA <br><br> **DEFENDANT JONATHAN LIPMAN'S RULE 16 STATEMENT REGARDING B.J. FREEMAN, PH.D.** |

TO THE COURT AND ASSISTANT UNITED STATES ATTORNEYS CLIFFORD MPARE AND DANIEL WEINER:

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), Defendant Jonathan Lipman, through his counsel, Dan Perlman and Mark McBride, hereby

provides notice of his intent to call Dr. BJ Freeman as an expert witness at trial and summarizes her expected testimony as follows:

**Witness Qualifications**

Dr. BJ Freeman is a licensed clinical psychologist (PSY 4826) and Professor Emerita of Medical Psychology at the UCLA School of Medicine, with over 30 years of experience specializing in Autism Spectrum Disorder (ASD) and related developmental disorders. She holds a Ph.D. in Clinical Psychology and has published extensively in peer-reviewed journals on ASD, including studies on social communication deficits and their behavioral implications. Dr. Freeman has testified as an expert in numerous federal and state court proceedings, providing insights into the cognitive and social impairments associated with ASD. Her curriculum vitae is available upon request.

**Opinions**

Dr. Freeman is expected to testify that:

a. Based on her comprehensive psychological evaluation of Mr. Jonathan Lipman, conducted on June 21, 25, and 26, 2024, he meets the DSM-5-TR criteria for Autism Spectrum Disorder (ASD), requiring substantial support for social communication, social interaction, and restricted, repetitive behaviors, with language processing impairments but without intellectual impairment.

b. Mr. Lipman's ASD results in significant deficits in social perception, social reciprocity, and theory of mind, severely impairing his ability to understand how his words and actions affect others emotionally or socially, particularly in the context of his communications (emails and voicemails) to a New Jersey Superior Court Judge between February and September 2023.

c. Mr. Lipman's apparent vocabulary and literal understanding of language are a "red herring" for his true cognitive limitations. Despite his high verbal IQ (99.6th percentile), his ASD-related impairments prevent him from gauging the

varied impact of his language on different recipients, depending on the context, timing, and circumstances of the interaction, such as the judicial authority of the recipient or the emotionally charged nature of the communications following a protective order.

d. Due to these deficits, Mr. Lipman is unlikely to have formed the specific intent to harass or intimidate the recipient of his communications, as he lacks the social insight and judgment to anticipate or intend the substantial emotional distress alleged in the charge under 18 U.S.C. § 2261A(2)(B).

e. Mr. Lipman's repetitive and inappropriate communications reflect a socially immature response akin to a young child's attempt to control a frustrating situation, driven by his perseverative focus on perceived past wrongs (e.g., alleged abuses from his school years) rather than a deliberate intent to threaten or harass.

**Bases and Reasons for Opinions**

Dr. Freeman's opinions are based on:

a. A comprehensive clinical evaluation of Mr. Lipman, conducted over three days in June 2024, utilizing standardized assessments including the Autism Diagnostic Observation Schedule, Second Edition (ADOS-2), Wechsler Abbreviated Scale of Intelligence, Second Edition (WASI-II), Adaptive Behavior Assessment System, Third Edition (ABAS-3), Social Responsiveness Scale, Second Edition (SRS-2), and Behavior Rating Inventory of Executive Function, Adult (BRIEF-A). These tests confirmed Mr. Lipman's ASD diagnosis and documented his significant deficits in social communication, social adaptive skills, and executive functioning.

b. Interviews with Mr. Lipman's mother, Susan Lipman, providing developmental history indicating early signs of ASD, such as lack of social

       reciprocity, limited gestures, and perseverative behaviors, which persisted into adulthood.

c. Review of extensive records, including Mr. Lipman's school records, mental health reports from the Metropolitan Detention Center, 26 YouTube videos posted by Mr. Lipman, court filings, and an 8-page self-penned history, which collectively demonstrate consistent ASD-related behaviors such as disorganized speech, misinterpretation of social cues, and preoccupation with specific grievances.

d. Analysis of the communications at issue (emails and voicemails sent to the judge), evaluated in light of Mr. Lipman's ASD diagnosis, showing that his repetitive messaging was driven by perseverative tendencies and a lack of social insight rather than intent to harass.

e. Scientific literature on ASD, including studies by Brewer and Young (2015), Frith (2004), and Silva et al. (2005), supporting that individuals with ASD often exhibit social naïveté, concrete thinking, and deficits in central coherence, leading to behaviors like repetitive messaging without understanding their social or legal consequences. Dr. Freeman's expertise in ASD informs her conclusion that such behaviors are not correlated with violent intent and are more reflective of social immaturity than criminal malice.

**Scope of Testimony**

       Dr. Freeman's testimony will focus on Mr. Lipman's ASD-related cognitive and social impairments and their impact on his ability to form the specific intent required for the charged offense of cyberstalking under 18 U.S.C. § 2261A(2)(B). She will explain how his deficits in social perception and reciprocity impair his ability to understand the emotional impact of his words, emphasizing that his communications were a manifestation of untreated ASD rather than deliberate

harassment. Dr. Freeman will not offer opinions on the ultimate issue of Mr. Lipman's guilt or innocence.

DATED: May 12, 2025          Respectfully submitted,


/s/ Dan Perlman
Dan Perlman
Attorney for Defendant

/s/ Mark McBride
Mark McBride
Attorney for Defendant